RGI, INCORPORATED,
Plaintiff–Appellant,

v.

UNIFIED INDUSTRIES, INCORPO-
RATED; Gary K. Dearing, De-
fendants–Appellees,

v.

John J. RACHEL; David Vowell; Gerard
Ostrander; United States of America,
Third Party Defendants.

No. 91–1442.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 31, 1991.

Decided April 29, 1992.

Edward Jay Tolchin, Fettmann & Tolchin, Fairfax, Va., argued, for plaintiff-appellant.

Thomas A. Trimboli, Unified Industries, Inc., Springfield, Va., Robert Michael LaBelle, Powers & Lewis, Washington, D.C., argued, for defendants-appellees.

Before SPROUSE and LUTTIG, Circuit Judges, and CHAPMAN, Senior Circuit Judge.

## OPINION

SPROUSE, Circuit Judge:

Appellant RGI, Inc., and appellee Unified Industries, Inc., (UII) compete in selling high technology computer programming and software to government customers. RGI brought the underlying action in Virginia state court against UII and Gary Dearing, a former RGI employee, alleging that (1) Dearing had breached his employment contract by disclosing to UII proprietary information about RGI's computer system and software contracts with the United States Navy, (2) UII had tortiously interfered with the RGI–Dearing contract, and (3) UII and Dearing had both violated Virginia's business conspiracy statute, Va. Code § 18.2–499 *et seq.*

After the action was removed to the United States District Court for the Eastern District of Virginia,[1] that court granted summary judgment to both defendants, concluding that RGI had not sufficiently established that it could prove any damages as a result of the conduct of UII and Dearing. RGI appeals, contending principally that it had established a genuine issue of material fact relating to damages. RGI also claims that the trial court's deliberations were prejudiced by UII's filing a sealed pleading with the district court *in camera.* The contents of the sealed pleading were not disclosed to RGI but included documents relating to a *qui tam*[2] action which had been filed against RGI by UII in the United States District Court for the District of Columbia. We affirm.

### I

For over ten years, RGI has provided a computer program called Source Data System to the United States Navy. Gary Dearing was originally employed under contract by RGI and worked on the Source Data System project. He left RGI and was hired by UII. It is undisputed that, after Dearing was hired by UII, Dearing disclosed internal RGI cost information regarding the Source Data System to UII. UII admits that it obtained the information from Dearing, but it maintains that it promptly turned the information over to the Naval Intelligence Service as evidence of wrongdoing by RGI.

In April 1990, before the case *sub judice* was instituted in the Virginia state court, UII had filed a *qui tam* action against RGI in the United States District Court for the

---

1. The action was originally filed as a motion for judgment in the Virginia state circuit court. UII filed a counterclaim and added employees of the United States as third party defendants. This case was then removed to the district court. After the United States was substituted for its employees, the government's motion to dismiss the third party claims against it was granted. UII does not contest the dismissal of its claims against the government.

2. The *qui tam* action had been brought under the Federal False Claims Act, 31 U.S.C. § 3729 *et*

seq. Black's Law Dictionary defines a *qui tam* action as:

> [A]n action brought by an informer, under a statute which establishes a penalty for the commission or omission of a certain act, and provides that the same shall be recoverable in a civil action, part of the penalty to go to any person who will bring such action and the remainder to the state or some other institution.

District of Columbia, alleging fraudulent and criminal acts by RGI in collusion with Naval personnel. Pursuant to the requirements of the False Claims Act, the complaint was not served on RGI,[3] and RGI apparently had no knowledge that the complaint had been filed against it.

The following month, RGI brought the action we now review against UII and Dearing. RGI claimed that, by disclosing information to UII, Dearing breached a contractual promise to keep RGI's information confidential, that UII tortiously interfered with the RGI-Dearing contract by inducing Dearing to breach it, and that this conduct by UII and Dearing amounted to a business conspiracy in violation of Va.Code § 18.2–499 *et seq.* In a counterclaim, UII alleged that RGI and Navy personnel conspired to deprive UII of Navy business in violation of several federal statutes dealing with government procurement.[4]

RGI's complaint alleged $500,000 in compensatory damages against Dearing for breach of contract, $500,000 in compensatory and $500,000 in punitive damages against UII for interference with the employment contract, and $500,000 against both Dearing and UII for the conspiracy count (to be trebled pursuant to Virginia law). UII and Dearing moved for summary judgment below on all counts, attaching an affidavit of UII's attorney and excerpts from deposition testimony of two RGI employees having knowledge of RGI's contract with the Navy. By the affidavit and depositions, UII purported to show that RGI could not prove any damages from Dearing's disclosure.

Specifically, UII's attorney averred in his affidavit that RGI continued to contract for and supply the Source Data System. He stated further that contracts for all other services for the project were still being awarded to RGI. The deposition testimony of RGI's Vice President for Administration and Finance indicated that RGI suffered no decrease in work on the Source Data Sys-

tem project as a result of UII and Dearing's actions. RGI's Vice President also stated that he did not know how the $500,-000 damage figures were determined. In the second deposition excerpt which accompanied UII's motion, RGI's project manager for the Source Data System stated that he did not know how the damages estimates were derived, and that RGI had not lost any Source Data System work since Dearing left RGI.

RGI opposed the motion with a single affidavit, signed by its President, which stated with regard to damages:

> RGI competes directly with Unified Industries, Inc. Defendant Gary Dearing took information from RGI and gave it to UII. This action puts RGI at a tremendous competitive disadvantage with respect to UII.... The fact of this damage cannot be denied. Indeed, UII has advised RGI that the United States Navy has excluded UII from a certain competition because of the unfair competitive advantage UII has obtained over RGI.... RGI's disadvantage results directly in lost profits for RGI. RGI's competitors' knowledge of the manner in which RGI prices and staffs its projects forces RGI to adopt less profitable strategies in order to win contracts.

The district court ruled that RGI's affidavit was merely conclusory with regard to the claim that RGI suffered lost profits and was therefore insufficient to raise a genuine issue of material fact with regard to damages. Accordingly, it granted summary judgment to UII and Dearing.

RGI moved the court to reconsider its decision, styling its action as a "Notice of Motion ... to reconsider [the court's] grant of defendants' motion for summary judgment or to vacate that judgment under Fed.R.Civ.P. 59(e)." In support of its motion, it attached a new affidavit of its President which it describes as "supplemental" and "reworked." In the supplemental affi-

---

**3.** *See* 31 U.S.C. § 3730(b)(2).

**4.** UII's counterclaim alleged that RGI and various naval officials had violated the False Claims Act, as well as other federal laws including the

Federal Service Contract Act, 41 U.S.C. § 351 *et seq.*, and the Federal Bribery Graft and Conflicts of Interest Law, 18 U.S.C. § 201 *et seq.*

davit, RGI's president stated, in pertinent part:

UII currently is competing with RGI in a procurement. Because UII has RGI's information, it knows the minimum RGI can bid for the contract and how RGI will staff and support its contract. UII can now match or beat RGI in all these areas. RGI is being required to cut its profit margins in order to win the contract. The result of this effort is lost profits to RGI of no less than $200,000. These lost profits result from proposal alterations which UII and Dearing have forced upon RGI.

RGI also has suffered legal costs in enforcing its contractual rights with Dearing. In this regard, RGI has been forced to sue a third party (UII) because Dearing gave RGI's proprietary information to that company. RGI also has incurred legal costs suing UII and Dearing for conspiracy. RGI's legal costs to date exceed $20,000.

RGI has lost approximately $400,000 because of delays in a particular Navy procurement which have arisen because of UII and Dearing's use of RGI's data. This loss is a result of reduced work loads and inefficient staffing brought about by the Navy being unable to award a follow on contract for a particular procurement—all as a result of UII and Dearing's activities.

The district court rejected RGI's supplemental affidavit and its postjudgment motion, stating that "no justified reason [had been] shown why the additional material ... was not presented" earlier. This appeal followed.

## II

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment shall be rendered if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to demonstrate that evidence exists which would be sufficient to establish an element of that party's case on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In a motion for summary judgment, the initial burden of showing the absence of a genuine issue of material fact rests on the moving party. However, once a motion is made and supported, the nonmoving party must produce evidence showing a genuine issue for trial.

■ RGI first challenges the district court's ruling on the motion for summary judgment. It contends that UII's motion only required RGI to establish the fact that it was damaged, because UII's attack on its complaint focused solely on RGI's failure to show any damages, and that the affidavit of RGI's President was sufficient to establish that RGI had in fact been damaged. The argument misses the mark. It is true, of course, that RGI was not required to prove its case at the summary judgment stage, but UII's motion obligated RGI to show evidence that it would produce at trial sufficient to establish that it had been damaged by UII's conduct. The affidavit of RGI's President contains bald allegations of damages but indicates no facts contemplated to be proven. We share the view of the district court that the affidavit was simply too conclusory to establish a genuine issue of material fact with regard to damages.

■ RGI argues alternatively that the supplemental affidavit raised a genuine issue of material fact, and that the district court was compelled by Fed.R.Civ.P. 56(e) to consider it. RGI's view, however, is not properly focused. The supplemental affidavit was not submitted for Rule 56(e) consideration but was submitted with a Rule 59(e) motion to "alter or amend the judgment." It was after the district court had granted UII's summary judgment motion that RGI submitted the supplemental affidavit with its post-summary judgment motion. It is true that the latter motion contained a new element not considered during the Rule 56 summary judgment proceedings—the "supplemental" affidavit of

RGI's president. The district court refused to consider the supplemental affidavit, however, on the ground that RGI had failed to provide a legitimate justification for not presenting it during the summary judgment proceedings.

If we were at liberty to consider its last motion as an extension of the Rule 56 summary judgment proceedings and were persuaded to that course of action, the supplemental affidavit may have preserved damages as a genuine issue of material fact for trial. The Rule 56(e) language on which RGI relies, however, allows the trial court in its discretion to receive supplemental material in support of or in opposition to a motion for summary judgment before ruling on the motion.[5] It strikes us that the underlying purpose of the rule is to assist the court in its deliberation on the summary judgment motion. That purpose would be undercut if the rule were construed to require the court to accept further affidavits after it had already ruled on the motion for summary judgment.

■ That is not to say that material not available to the movant could not after its discovery be presented to the district court with a Rule 59(e) motion. That was essentially how RGI submitted the supplemental affidavit. It requested the district court to reconsider its earlier decision and view evidence not previously before it as a Rule 59(e) matter. The district court in its discretion, *Temkin v. Frederick County Commissioners*, 945 F.2d 716, 724 (4th Cir. 1991), *cert. denied*, — U.S. —, 112 S.Ct. 1172, 117 L.Ed.2d 417 (1992), could have accepted the new evidence if it determined that RGI's failure to provide it along with the summary judgment motions was justified. *See Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1470 (4th Cir.1991); *Smith v. Bounds*, 813 F.2d 1299, 1303 (4th Cir.1987). The court concluded, however, that "no justified reason [had been] shown why the additional mate-

rial now presented was not presented [earlier]."

After a careful review of the proceedings below, we find no fault with that conclusion. It was for the district court in the exercise of its discretion to weigh RGI's claim that the district court should have accepted the supplemental affidavit because RGI "misunderstood" the burden placed upon it by UII's motion.[6]

### III

■ Although we are concerned over UII's action in filing a copy of its District of Columbia *qui tam* complaint in the case *sub judice*, we conclude that UII's imprudent action did not result in reversible error by the district court.

The False Claims Act, 31 U.S.C. § 3729 *et seq.*, empowers private parties to bring an action on behalf of the United States government against any person who makes a false claim against the government. *See* 31 U.S.C. § 3730. A 1986 amendment to the False Claims Act states, "The complaint [filed by the private citizen] shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders." 31 U.S.C. § 3730(b)(2).

■ On February 13, 1991, two days before the hearing on UII's motion for summary judgment, UII filed a copy of its District of Columbia *qui tam* complaint with the court below "for its information." RGI was sent a "Notice of Praecipe" that UII had "filed *in camera and under seal* certain papers that the court may find of material interest...." (emphasis in original). The record does not indicate whether the district court actually reviewed the *qui tam* complaint, but there was no reference to the *qui tam* complaint in any of the orders of the district court.

On appeal, RGI argues that summary judgment should be reversed because the district court was possibly prejudiced by

---

**5.** Rule 56(e) states that "[t]he court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories or further affidavits...."

**6.** We also find no merit in RGI's claim that the district court's determination should be reversed because it violated the time requirements of Rule 56.

reading the *qui tam* complaint, described by RGI as a "secret" document containing false and inflammatory allegations of grossly dishonest and criminal practices on the part of RGI.

We agree with the obvious—the *qui tam* complaint serves no purpose in this action, and, at the least, its filing below casts suspicion on UII's motives in attempting to make it available to the district court. The procedures provided by the False Claims Act are certainly extraordinary and apparently were designed to accommodate the policy of protecting the government's interest in uncovering fraudulent procurement activity. Section 3730 of Title 31 allows the *qui tam* complaint to be filed without notice to the defendant and gives the Attorney General time to determine whether there is a governmental interest in prosecution and to take over or decline to take part in the action. Once the defendant is notified of the complaint, however, she is then given the traditional opportunity to answer and defend. Whatever the merits of this extraordinary procedure, its anti-corruption purpose and its procedures safeguarding the interest of the government were not designed to be used as a prop for a party in other commercial litigation.

Under 31 U.S.C. § 3730, the defendant in a *qui tam* action will ultimately be served with the complaint and permitted to answer it. Here, however, the action of UII had the effect of depriving RGI of any ability to respond directly in the court below to the *qui tam* complaint. UII's action also placed the district court in a difficult spot. A district court, faced with information about a *qui tam* action filed elsewhere, has no statutory direction. We would assume that most district courts confronted with similar circumstances would react archetypically: some might order the filing withdrawn, some might inform the defendant of its contents, and some might simply ignore it, as the court below apparently did. In any event, the mischief is caused by the party who improperly files the material and she should be admonished.

We nonetheless affirm the district court's decision, because we conclude that RGI could not have suffered prejudice as a result of the filing. RGI points out that the *qui tam* complaint accused RGI of, among other things, "fraudulently mischarging and gouging the government." However, similar allegations were contained in UII's counterclaim filed in the action *sub judice*. In fact, UII's counterclaim explicitly alleged that RGI had violated the False Claims Act. These allegations were obviously not relevant to the issue of whether RGI met its burden at summary judgment, and there is no indication that these allegations had any bearing on the court's consideration of the Rule 56 and Rule 59(e) motions. In sum, while we disapprove of UII's action in filing the copy of its extraneous *qui tam* complaint, we do not believe that its filing justifies a reversal.

In view of the above, the judgment of the district court is affirmed.

AFFIRMED.