**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

KWANG SUK MOON, t/a Harvey's
Food Center; OK HEE MOON, t/a
Harvey's Food Center,
<u>Plaintiffs-Appellants,</u>

No. 95-1797

v.

UNITED STATES OF AMERICA; UNITED
STATES DEPARTMENT OF AGRICULTURE,
<u>Defendants-Appellees.</u>

KWANG SUK MOON, t/a Harvey's
Food Center; OK HEE MOON, t/a
Harvey's Food Center,
<u>Plaintiffs-Appellants,</u>

No. 95-2364

v.

UNITED STATES OF AMERICA; UNITED
STATES DEPARTMENT OF AGRICULTURE,
<u>Defendants-Appellees.</u>

Appeals from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert R. Merhige, Jr., Senior District Judge.
(CA-94-797)

Argued: May 7, 1996

Decided: June 21, 1996

Before RUSSELL and MICHAEL, Circuit Judges, and NORTON,
United States District Judge for the District of South Carolina,
sitting by designation.

_____

Affirmed by unpublished per curiam opinion. Judge Norton wrote a concurring opinion.

_____

**COUNSEL**

**ARGUED:** Derrick Edward Rosser, SPINELLA, OWINGS & SHAIA, P.C., Richmond, Virginia, for Appellants. Richard E. Garriott, Student Counsel, Richmond, Virginia, for Appellee. **ON BRIEF:** Helen F. Fahey, United States Attorney, Nicholas S. Altimari, Assistant United States Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Plaintiffs/Appellants Kwang Suk Moon and Ok Hee Moon, husband and wife and co-owners of a retail food store known as Harvey's Food Center (Harvey's), brought suit in federal court challenging the decision of the Food and Nutrition Service (FNS) to disqualify Harvey's from participation in the Federal Food Stamp Program, 7 U.S.C. § 2011 et seq. The district court granted summary judgment in favor of the United States and the U.S. Department of Agriculture, of which the FNS is a part. The district court also denied the Moons' motion for relief from judgment. The Moons now appeal the dismissal of their case. Finding no error, we affirm.

I.

A.

The record discloses the following. On September 17, 1990, the Moons were approved for participation in the Federal Food Stamp

Program, which is administered by the FNS. Under this program the Moons were entitled to accept food stamps as payment for food items.

Between April 7, 1994, and May 11, 1994, the FNS conducted an investigation of the Moons' and Harvey's compliance with the Food Stamp Program. During this investigation a female clerk at Harvey's allegedly accepted $80.00 worth of food stamp coupons in exchange for $36.00 in cash, in violation of the program. [1] Thereafter, the FNS wrote to the Moons, informing them that they could be permanently disqualified from the program based on the alleged violation unless they could demonstrate that a civil money penalty should be imposed in lieu of disqualification. The letter also advised the Moons that they could challenge the charges against them by presenting any information, explanation or evidence regarding the charges.

On June 16, 1994, the Moons replied by letter contending that no violation was committed at their establishment and that the violation occurred at another store also named Harvey's. According to Mrs. Moon, she "was working that day and did not [accept $80.00 in food stamps in exchange for $36.00 in cash from] anyone. I feel that a mistake has been made in charging this store with a violation of the Food Stamp Program." Mrs. Moon further said that she "would like to see and talk to the person that identified me as the one that accepted the $80.00 in food coupons in exchange for the $36.00 in cash." The Moons' letter was not under oath, nor was it a declaration made under penalty of perjury.

The FNS responded, by letter dated August 9, 1994, that based upon the evidence before it, it had determined that the violation did in fact occur at the Moons' store and not at another store named Harvey's.

Subsequently, on August 16, 1994, the Moons requested administrative review. An Administrative Review Officer determined that the alleged violation occurred and affirmed the permanent disqualification of the Moons' establishment. The officer found that there was

_____

[1] The exchange of food stamps for cash is known as "trafficking," and such practice subjects a retail food store to permanent disqualification from the Food Stamp Program pursuant to 7 U.S.C.§ 2021(b)(3)(B).

3

substantial credible evidence that the violation charged occurred at the Harvey's in question and that the Moons did not meet the requirements for imposition of a civil money penalty instead of disqualification.

B.

On October 28, 1994, the Moons filed suit in the district court challenging the decision of the FNS to disqualify Harvey's. They sought reinstatement in the Food Stamp Program and a stay of their disqualification pending review by the district court.

On January 23, 1995, the district court entered a pretrial order requiring that motions for summary judgment be filed at least 35 days prior to trial. On February 24, 1995, the Government filed a motion to dismiss or, in the alternative, a motion for summary judgment. The motion was filed a day late -- 34 days before trial. The Government attached numerous exhibits to the motion, including the investigative reports made by the FNS and the Moons' letter of June 16, 1994, to the FNS.[2] The Moons' original attorney (the Moons have now retained a new attorney) filed an "Answer" to the Government's motion, but he did not include any responsive evidence (e.g., affidavits).

On March 23, 1995, the district court granted the Government's motion for summary judgment, finding that the Moons produced no evidence that the alleged Food Stamp Program violation did not take place at their store. On April 4, 1995, the Moons filed a paper entitled "Motion for Reconsideration of the Court's Order Entered on March 23, 1995 or in the Alternative, Notation of an Appeal of Said Order." Accompanying this motion was an affidavit executed by Mrs. Moon, denying responsibility for the alleged violation. On April 5, 1995, the district court entered an order notifying the parties that it would treat the Moons' motion as a notice of intention to appeal and would not entertain the "Motion for Reconsideration."

_____

[2] The FNS investigative reports were certified declarations made under penalty of perjury. The reports included details of the alleged "trafficking" exchange of $80.00 in food stamps for $36.00 in cash.

4

Thereafter, the Moons filed a Rule 60(b) motion for relief from judgment with the district court. We then entered an order suspending briefing of the appeal pending the district court's disposition of the Moons' Rule 60(b) motion. The Moons argued to the district court that they were entitled to relief from judgment because their original attorney's failure to include opposing affidavits was due to mistake, inadvertence, or excusable neglect. In support of their argument the Moons submitted an affidavit by their original attorney. The attorney stated that "[he] did not file an affidavit on behalf on the plaintiffs . . . because [he] did not believe the exhibits attached to the [Government's] memorandum were affidavits or would be considered as such."

On June 14, 1995, the district court denied the Moons' Rule 60(b) motion. The district court found that the mistaken belief of their prior attorney was not sufficient to entitle the Moons to relief from judgment. The district court concluded that the Moons were provided with ample opportunity to present their case and that they could not use Rule 60(b) for yet another bite at the apple. This appeal followed.

II.

The Moons claim that summary judgment was improper because the basis for the FNS's decision to disqualify Harvey's turned on credibility determinations that could only be made at trial. That is, according to the Moons, a trier of fact must determine whether Mrs. Moon is to be believed when she denies accepting $80.00 in food stamps in exchange for $36.00 in cash, or whether the FNS investigator is to be believed. The Moons also claim that the district court abused its discretion in accepting the Government's motion for summary judgment when that motion was filed a day late. And the Moons claim that the district court abused its discretion in denying their motion for relief from judgment when their original attorney failed through mistake to submit affidavits in opposition to the Government's motion for summary judgment. We conclude, however, that the district court committed no error.

A.

Summary judgment is appropriate when there is no genuine issue of material fact that could lead a trier of fact to find for the nonmov-

5

ing party. E.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). "In determining whether to grant summary judgment, all justifiable inferences must be drawn in favor of the non-movant." E.g., Miltier v. Beorn, 896 F.2d 848, 852 (4th Cir. 1990). This court reviews de novo a district court's grant of summary judgment. E.g., Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir.), cert. denied, 115 S. Ct. 68 (1994).

Here, the district court properly granted summary judgment against the Moons because they offered no evidence in opposition to the Government's motion and supporting exhibits. The Government's exhibits, and, in particular, the sworn FNS investigative reports, set forth facts showing that the alleged food stamp trafficking occurred. Therefore, to defeat summary judgment, the Moons were required to set forth specific evidentiary facts raising a genuine issue of material fact for trial. The Moons could not merely rest on the allegations made in their complaint. Fed. R. Civ. P. 56(e). Nor did Mrs. Moon's letter of denial, which was not under oath or declaration, suffice. Rather, the Moons had to submit evidence supporting their position "by affidavit or otherwise . . . which set forth specific facts showing that there is a genuine issue for trial." Id. The Moons (through their original attorney) failed to meet this burden. Accordingly, the district court correctly granted summary judgment in favor of the Government.

B.

We review for abuse of discretion the issue of whether the district court properly considered and decided the Government's motion for summary judgment when that motion was filed a day late, see American Farm Lines v. Black Ball, 397 U.S. 532, 539 (1970), and the issue of whether the district court properly denied the Moons' motion for relief from judgment under Rule 60(b). National Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 265 (4th Cir. 1993). In light of that standard, we hold that the district court did not err when it decided these issues.

When considering whether a district court properly decided to relax or modify its local rules and procedural orders, we give the district court broad leeway. Only if the complaining party is caused substantial prejudice will we find an abuse of discretion. See Ball, 397 U.S.

6

at 539. In the present case, the Government filed its motion one day after the 35-day cutoff set in the district court's pretrial order. The Moons, however, point to no facts showing that they suffered any prejudice from the Government's minor tardiness. Therefore, the district court did not abuse its discretion when it allowed the Government to file its motion a day late.

As for the Rule 60(b) motion, we recently held that a district court acts within its discretion when it ignores new evidentiary material submitted after the entry of summary judgment if the nonmoving party cannot provide a "legitimate explanation" for failing to offer the evidence while the motion was still pending. Cray Communications v. Novatel Cmptr. Sys., Inc., 33 F.3d 390, 395 (4th Cir. 1994) (citing RGI, Inc. v. Unified Indus., Inc., 963 F.2d 658, 662 (4th Cir. 1992)), cert. denied, 115 S. Ct. 1254 (1995). We further held that merely because a party, through the "mistaken understanding" of its attorney, "`misunderstood' its burden of production under Rule 56 . . . [does] not [provide] a legitimate justification" for failing to offer the evidence while the motion was still pending. Id. Such a "mistaken understanding" is all the Moons have advanced here to justify their original attorney's failure to submit evidentiary material in opposition to the Government's motion. The district court did not, therefore, abuse its discretion when it denied the Moons' Rule 60(b) motion.

Finally, we note that there in no unfairness visited upon the Moons based on the district court's decision to allow the Government to file its motion a day late and the court's refusal to accept the Moons' affidavit submitted after the entry of summary judgment. As we have said, both these decisions fall within the discretion of the district court, and here, such discretion was properly exercised. Our system is one of representative litigation. It is thus unfortunate--but not unfair--for the shortcomings of the Moons' original attorney to be visited upon them. See Link v. Wabash, 370 U.S. 626, 634 & n.10 (1962).

III.

Accordingly, the judgment of the district court is

AFFIRMED.

7

NORTON, District Judge, concurring:

While the Appellants may not have prevailed, it is clear that if their lawyer had filed the affidavit of Mrs. Moon in response to the Government's Motion for Summary Judgment, there existed a genuine issue of material fact that would have had to be resolved by the trier of fact. Unfortunately, the "sins" of the Appellants' lawyers have been visited upon the Appellants and have deprived them of their day in court. Under an abuse of discretion standard on appeal, I concur with the judgment of the District Court.

8