Mark S. STALNAKER, et al.

v.

GENERAL MOTORS CORPORATION.

Civil No. S 95–1455.

United States District Court,
D. Maryland.

Aug. 27, 1996.

Order Denying Remainder of Motion
Sept. 11, 1996.

Melvin G. Bergman, Joseph F. Gaffigan, Gaffigan & Zitver, Beltsville, MD, for Plaintiffs.

H. Bruce Dorsey, Piper & Marbury, Baltimore, MD, for Defendant.

SMALKIN, District Judge.

I have reviewed the plaintiffs' Motion to Alter or Amend Judgment, or to Reconsider, filed pursuant to Fed.R.Civ.P. 59.

I am rather disturbed by the plaintiffs' minimal acceptance of responsibility for the need, on the part of the Court and other counsel, to revisit this case, when the fault is 100% with the plaintiffs, for their failure to advance a cogent theory of the case until after the Court had ruled on the theories that the plaintiffs had relied upon in their own filings.

■ That having been said, most of the plaintiffs' motion will be summarily denied. There is no need for a *Daubert* hearing, because the plaintiffs have not furnished sufficient evidence based upon which the Court could *prima facie* accept the validity of the "skip-locking" theory, which the plaintiff is obligated to do before time is spent on a Rule 104 hearing. A *Daubert* hearing need not be held every time expert testimony of a scientific nature is proffered. The Court surely has discretion to decide if an adequate predicate to justify a hearing has been advanced. Here it has not. On the adequacy of warning claim, there is no need for the warning to specify the nature of the injury to be expected from noncompliance. *See Liesener v. Weslo, Inc.*, 775 F.Supp. 857, 861 (D.Md. 1991).

The only issue on which I should like a response from the defendant is the issue that plaintiffs now identify as the key issue in the case, *viz.*, the adequacy of the lap belt as a pelvic restraint. I should like defendant's position on this within 10 calendar days.

I shall not entertain any reply from the plaintiffs unless I specifically ask for it, nor will there be a hearing unless I specifically call for it.

Although this letter is informal in nature, it nonetheless constitutes an order of court,

and the same will be docketed and filed as such in the court file.

Very truly yours,

/s/ Frederic N. Smalkin
United States District
Judge

## MEMORANDUM OPINION

This matter is before the Court on the plaintiffs' motion to reconsider, most of which was denied summarily in a letter ruling issued August 27, 1996. Having reviewed the briefing on the remaining issue, the Court hereby denies the motion in its entirety. No oral hearing is needed. Local Rule 105.6, D.Md.

■ The only issue briefed relates to the plaintiffs' most recent theory of liability, *viz.*, culpability of the defendant for violation of FMVSS 209, which, *inter alia*, requires that seat belt assemblies must be designed to remain on the user's pelvis under all conditions, including collision or roll-over. Plaintiff alleges that the seat belt mechanism here failed to comply with FMVSS 209, in that the lap belt was found around the decedent's abdominal area, rather than her pelvis, after the collision, *i.e.*, that the performance of the seat belt assembly was in violation of FMVSS 209.

It is absolutely clear that FMVSS 209 is a design standard, not a performance one. *See Baughan v. Indiana Mills*, No. 91–2136, 1992 WL 130178 (4th Cir. June 9, 1992). (The Court is aware that the Fourth Circuit discourages citation to unreported cases, but the discussion in *Baughan* is so squarely on point as to be incapable of escaping notice.) In that the plaintiffs offered no competent evidence, in opposing summary judgment, of a design defect violative of FMVSS 209, and in that the mere fact that the belt wound up over the abdomen rather than the pelvis is plainly insufficient to prove such a defect, reconsideration of the Court's award of summary judgment to the defendant is not warranted.

■ The Court notes that the plaintiffs, in their reply to the defendant's opposition to their motion to reconsider, point to evidence that, they claim, supports their theory that the seat belt mechanism was improperly designed. The Court will not consider any material referred to by plaintiffs that was not part of their original opposition to the motion for summary judgment, in that such material was plainly available to them, and a Rule 59 motion does not—under well-settled Fourth Circuit case law—allow a losing plaintiff to buttress the record that was made in opposition to the original motion under *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). *See RGI, Inc. v. Unified Industries, Inc.*, 963 F.2d 658 (4th Cir.1992). The Court will assume that the plaintiffs' counsel was simply unaware of *RGI, Inc.*

■ Turning to the material included with their original opposition that, plaintiffs claim, establishes the existence of an FMVSS 209 design defect, one finds (reply memorandum at 6–7), first, an exercise in backwards reasoning, to the effect that, because the belt wound up over the abdomen or was extended beyond its normal wear length, it was defectively designed. This is plainly not sufficient to establish a triable issue on design defect, a matter which obviously needs expert testimony under Maryland law and the Federal Rules of Evidence.

■■ With regard to the expert testimony of Lightall and Duffield, the Court has examined Plaintiffs' opposition exhibits 16 and 17, which do not suffice, alone or in conjunction, to generate a triable issue under *Celotex* on design defect. In Ex. 16, Lightall premises his conclusion that the belt could easily wind up around a child's abdomen on the child's assuming a slouching position. The relevant FMVSS does not require a foolproof—or slouchproof—design. In Ex. 17, Duffield's "experiment" was premised on starting out with the shoulder portion around himself and then slipping it off. First, one may safely assume that Duffield is substantially larger than a nine-year old child. Second, there is no support in the record to assume that the decedent started out with the shoulder portion around her and then slipped it off (thus extending the lap belt), rather than performing some other manoeu-

vre to avoid wearing the shoulder belt. None of this generates a triable dispute on design failure under *Celotex* and *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

A separate order denying the motion to reconsider will be entered.

### *ORDER*

For the reasons stated in a Memorandum Opinion entered herewith, it is, by the Court, this 11th day of September, 1996, ORDERED:

1. That the plaintiffs' Motion to Alter or Amend or Reconsider, filed August 26, 1996, BE, and it hereby IS, DENIED; and

2. That the Clerk mail copies hereof and of the said Opinion to counsel.