**In re Rocky Dwayne SHEFFIELD, Debtor.**

**Rocky Dwayne Sheffield, Plaintiff,**

**v.**

**HomeSide Lending, Inc., Defendant.**

**Bankruptcy No. 97–10511–MAM.**
**Adversary No. 99–1124.**

United States Bankruptcy Court,
S.D. Alabama.

March 6, 2001.

Steve Olen, Steven L. Nicholas, Mobile, AL, for Plaintiffs.

Jeffery J. Hartley, Mobile, AL, Thomas M. Hefferon, Washington, DC, for Defendants.

## ORDER DENYING MOTION FOR RECONSIDERATION OF CLASS CERTIFICATION ORDER

MARGARET A. MAHONEY, Chief Judge.

This matter is before the Court on HomeSide Lending, Inc.'s (HomeSide) motion for reconsideration of this Court's order of December 29, 2000, granting certification of a Rule 23(b)(2) class. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and the Court has the authority to enter a final order. For the reasons indicated below, the Court is denying the motion.

### I.

■ HomeSide asserts that the Court did not consider the specific facts of the Sheffield case when ruling on the class certification motion on December 29, 2000. First, HomeSide asserts, as is true, that the Court stated, "NationsBanc" in the order at two points. These typographical errors do not mean that HomeSide's individual fact pattern was not considered. The Court used portions of its opinion in more than one of its pending class action suits. Not catching the name change does not change the result. The facts stated were facts pertinent to HomeSide and this debtor. However, by this ruling the Court does amend its findings to the extent necessary to eliminate "NationsBanc" and substitute "HomeSide" in the order.

■ HomeSide also proffers additional affidavits to support its position on class certification. The Court will not consider

the new evidence, but will review the December 29, 2000, order based upon the evidence provided at that time. Materials offered after December 29, 2000, should only be allowed if they provide newly discovered evidence or if the evidence was unavailable before summary judgment despite reasonable diligence. *Hughes v. Bedsole,* 48 F.3d 1376 (4th Cir.1995); *RGI, Inc. v. Unified Industries, Inc.,* 963 F.2d 658 (4th Cir.1992); *Javetz v. Board of Control, Grand Valley State University,* 903 F.Supp. 1181 (W.D.Mich.1995). That has not been shown or alleged in this case.

## II.

HomeSide asserts that Sheffield has no standing to represent a Rule 23(b)(2) class since Sheffield has a claim for refund of the fees only and no injunctive relief request. HomeSide is correct that a refund is part of the Rule 23(b)(2) relief presently available to Sheffield. Sheffield also requests an injunction to preclude any other attempts to collect the debt and a declaration that any fee is improper. The refund is incidental to this injunctive relief. As explained in the order denying summary judgment dated December 29, 2000, and reconsidered March 6, 2001, Sheffield's entire claim is not moot and remains viable. Sheffield does not lack standing. Sheffield has both injunctive and monetary relief available to him. *D'Alauro v. GC Services Limited Partnership,* 168 F.R.D. 451, 456 (E.D.N.Y.1996) ("The claims of individual class members do not have to match precisely.").

## III.

HomeSide asserts that the Court applied the wrong test for class certification purposes. HomeSide asserts that the Court needed to consider the factors in Rule 23(a) (which the Court and HomeSide agree the Court did) and then apply the Rule 23(b) factors of Rule 23(b)(2) or (b)(3). The Court thought it did this. Rule 23(b)(2) requires a finding that "[HomeSide] has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Pages 10–12 of the December 29, 2000 opinion discuss at length the propriety of injunctive relief. There was a typographical error in which "NationsBanc" was stated instead of "HomeSide." That is corrected by this order.

HomeSide asserts that its practices are not uniform. That fact does not preclude certification if a general pattern is seen as to the debtors who will be in the class and/or the class can be divided into subclasses. The claims of Sheffield have the same essential characteristics as other claimant's claims except that he has paid HomeSide in full. *Appleyard v. Wallace,* 754 F.2d 955 (11th Cir.1985); *Leszczynski v. Allianz Ins.,* 176 F.R.D. 659 (S.D.Fla. 1997). HomeSide used varying terms to describe bankruptcy fees. Some descriptions were sufficient. To the extent the description was like Sheffield's description, this Court has ruled that the description was insufficient. Not every fee disclosure HomeSide made had to be deficient, only some, to constitute a class. To the extent that the fees specifically state that they are bankruptcy fees, they fulfill the criteria this Court has deemed sufficient to exclude the fees from the class action suit. The fact that different words were used to describe the fees is not determinative of whether a class should be certified. If the disclosure was insufficient, then the fee must be refunded to the extent paid by the debtor. The main relief granted, however, will be clearing debtors' accounts of the fees and enjoining further collection of those fees under confirmed plans or outside of bankruptcy court jurisdiction. The

damages consequentially and incidentally flow from the clearing of the accounts. Damages are not the dominant relief sought.

## IV.

The Court will not address the Rule 23(b)(3) issues because the Court is not certifying a(b)(3) class.

## V.

The Court has already addressed the notice issues in the order denying summary judgment dated December 29, 2000, and the order denying reconsideration of that order dated March 6, 2001. The Court will not address the issue again and incorporates its other rulings by reference.

THEREFORE, IT IS ORDERED:

1. HomeSide Lending, Inc.'s motion for reconsideration of this Court's order of December 29, 2000, granting certification of a Rule 23(b)(2) class is DENIED.

2. A status conference will be held in this case on May 11, 2001 at 9:00 a.m.