_____

No. 95-3737
_____

Frankie Schwartz,                    *
                                     *
      Plaintiff - Appellant,         *   Appeal from the United States
                                     *   District Court for the
      v.                             *   Eastern District of Missouri.
                                     *
Tom William Pridy, individually,     *
and as an employee of the            *
Missouri Department of Revenue;      *
Ronald Keck, individually,           *
and as an employee of the            *
Missouri State Highway Patrol,       *
                                     *
      Defendants - Appellees.        *


_____

Submitted:  April 12, 1996

Filed:  August 26, 1996
_____

Before WOLLMAN, HANSEN, Circuit Judges, and KYLE,[*] District Judge.
_____


HANSEN, Circuit Judge.

      Frankie Schwartz appeals the district court's[1] grant of summary
judgment to defendants, Tom William Pridy and Ronald Keck, on the basis of
qualified immunity in this suit filed pursuant to 42 U.S.C. §§ 1983 and
1985.  Schwartz claims the defendants violated his civil rights when they
knowingly made false statements

_____

[*]The HONORABLE RICHARD H. KYLE, United States District
Judge for the District of Minnesota, sitting by
designation.

[1]The Honorable George F. Gunn, Jr., United States District
Judge for the Eastern District of Missouri.

in a affidavit supporting an application for a search warrant for Schwartz's business. Pridy has filed a motion to dismiss this appeal on jurisdictional grounds. We deny the motion to dismiss and affirm the district court's grant of summary judgment.

## I.

Defendant Tom William Pridy is a special agent for the Criminal Investigations Bureau of the Missouri Department of Revenue (DOR), whose responsibilities include investigating violations of the Missouri motor vehicle statutes. Pridy was assigned to investigate whether Frankie Schwartz owned and operated a used car and auto parts business without a license. See Mo. Rev. Stat. § 301.218 (1994) (requiring licenses for salvage businesses). In the course of Pridy's investigation, he contacted Defendant Ronald Keck, a Missouri State Highway Patrol Trooper, who, among other things, checks the compliance of salvage yards and salvage yard dealers with the Missouri statutes and regulations.

In May 1991, Pridy met with a special prosecuting attorney who was handling the criminal case against Schwartz arising out of his alleged unlicensed operation of the automobile salvage yard.[2] Despite statutory authority to search Schwartz's business premises without a warrant, see id. § 301.225 (authorizing warrantless inspections of salvage business records and premises for the purpose of enforcing salvage business laws), the special prosecutor filled out three documents: an application for a search warrant, an affidavit, and a search warrant. All three completed documents referred to information Officer Keck had received from an informant regarding stolen cars and car parts allegedly kept at Schwartz's business place. The affidavit also contained information about Schwartz's operation of his business without a license. Pridy

---

[2]The criminal prosecution was dropped in November 1991, when Schwartz obtained a license for his salvage business.

signed the affidavit and the application for a search warrant, noting on both documents that he was a DOR special agent. Keck did not sign the documents.

The documents were submitted to a state circuit judge, who issued a search warrant. Pursuant to the warrant, Pridy searched the business records, and Keck and several other officers searched the premises. Nothing was seized.

The three documents that were presented to the state judge have at some point in time been altered with an uninitialed line deleting the references to stolen cars and car parts. The parties dispute when the documents were altered. Pridy and Keck, as well as the special prosecutor, claim that all the references to stolen items had been crossed out before the documents were submitted to the judge. Schwartz contends the documents were altered after the defendants obtained the search warrant.

Schwartz brought this suit pursuant to 42 U.S.C. §§ 1983 and 1985, alleging, inter alia, that the defendants knowingly made false statements in their affidavit and application for the search warrant, namely, that Schwartz was storing stolen cars and car parts at his place of business and that Pridy was a "peace officer" in the State of Missouri. Keck then filed a counterclaim against Schwartz based on various state law theories. On January 18, 1995, after dismissing pursuant to Federal Rule of Civil Procedure 12(b)(6) Schwartz's claims that failed to state a cause of action, the district court granted the defendants summary judgment on the remaining § 1983 claim on the basis of qualified immunity. Schwartz then filed a motion styled as a "Motion for Reconsideration," citing Federal Rule of Civil Procedure 54(b). On October 13, 1995, the court dismissed Keck's counterclaim and Schwartz's motion for reconsideration. Schwartz appeals the district court's grant of summary judgment. Pridy moves to dismiss the appeal for lack of jurisdiction.

## A. Appellate Jurisdiction

As a preliminary matter, we must first address the issue of our jurisdiction over this appeal. In his motion to dismiss the appeal, Pridy argues that Schwartz failed to file a timely notice of appeal, as required by Federal Rule of Appellate Procedure 4.

The district court granted the defendants summary judgment with regard to Schwartz's claim on January 18, 1995, but did not at that time decide Keck's counterclaim. On February 2, 1995, Schwartz filed a motion for reconsideration of the summary judgment. The motion for reconsideration and the counterclaim were still pending when Schwartz filed his notice of appeal on February 21, 1995. Seven months later, on October 13, 1995, the district court dismissed the counterclaim and denied Schwartz's motion for reconsideration. On October 18, 1995, Schwartz attempted to file a second notice of appeal, mailing it to the district court clerk of court and mailing copies of it to the defense attorneys. The clerk's office returned the notice, however, stating that it had already received Schwartz's earlier notice of appeal.

Generally, a party in a civil case must file its notice of appeal "within 30 days after the date of entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1). "This 30-day time limit is `mandatory and jurisdictional.'" Browder v. Director, Dep't of Corrections of Ill., 434 U.S. 257, 264 (1978). A party may toll the 30-day time period, however, by filing a motion under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure within 10 days after the district court has entered a final judgment. Fed. R. App. P. 4(a)(4)(C), (F); United States v. Duke, 50 F.3d 571, 574 (8th Cir.), cert. denied, 116 S. Ct. 224 (1995).

In the instant case, Schwartz did not technically file a timely notice of appeal, because he filed his notice when the district court had not yet entered a final judgment on the counterclaim. See Thomas v. Basham, 931 F.2d 521, 523 (8th Cir. 1991) (holding that notice of appeal filed before the district court had reached a decision on the counterclaims was premature and insufficient). Even if we construe Schwartz's "Motion for Reconsideration" as a Rule 60(b) or Rule 59(e) motion, he falls short of the timeliness requirement of Rule 4(a), for Schwartz's motion, like his notice of appeal, was filed before the district court entered its final judgment; the motion to reconsider could not toll under Rule 4(a)(4) a 30-day time period that had not yet begun to run. Moreover, there could be no tolling effect because the district judge entered a final judgment on the same day that he rendered a decision on Schwartz's motion. Thus, under a strict application of Rule 4's timeliness requirement, we would have no jurisdiction over this appeal.

Notwithstanding a party's failure to meet the requirements of Rule 4(a)(1), however, appellate jurisdiction may lie in certain situations under the doctrine of "unique circumstances." Thompson v. INS, 375 U.S. 384, 386-87 (1964). Under this doctrine, appellate jurisdiction exists when a party's failure to file a timely notice of appeal is the result of good faith reliance on a mistaken statement or assurance of the district court. Id. In Osterneck v. Ernst & Whinney, the Supreme Court explained this narrow exception to the formalistic application of Rule 4(a)(1) as one applying only when the party has relied on a judicial officer's "specific assurance" that his notice of appeal has been timely filed. 489 U.S. 169, 179 (1989). When a party has relied on the specific statement of the district court that his notice of appeal

5

is timely, however, fairness dictates that we deem the notice to be timely filed.[3]  See id. at 178-79.

We believe the doctrine of unique circumstances applies to this case. On October 18, 1995, five days after the district court entered its final judgment and its decision on Schwartz's motion to reconsider, Schwartz properly attempted to file a timely notice of appeal.  The clerk's office returned the notice, attaching a message that the clerk had already received both the filing fee and the notice of appeal.  Schwartz relied in good faith on the clerk of court's erroneous refusal to accept his timely notice of appeal and on the clerk's erroneous representation that his premature notice of appeal was sufficient.  Under these unique circumstances, we deem the notice to be sufficient to vest jurisdiction in this court.  Cf. Neu Cheese Co. V. FDIC, 825 F.2d 1270, 1271-72 (8th Cir. 1987) (finding a notice of appeal to be timely when the clerk's office lulled an appellant into the belief that the appeal was properly filed and docketed).

**B.  Substantive Arguments**

Having thus established our jurisdiction, we turn to the substantive issue of whether summary judgment was appropriate in this case.  The district judge granted the defendants' motion for summary judgment on the following bases: (1) the defendants had not

---

[3]We note that because four justices rejected the unique circumstances doctrine in a dissent, see Houston v. Lack, 487 U.S. 266, 282 (1988) (Scalia, J., dissenting), the continued vitality of the doctrine has been questioned; however, because the Supreme Court has not specifically overruled Thompson, and instead chose in 1989 to distinguish that case in Osterneck, we apply the doctrine as good law.  Accord In re Mouradick, 13 F.3d 326, 329 n.5 (9th Cir. 1994); United States v. Heller, 957 F.2d 26, 28-29 (1st Cir. 1992); Pinion v. Dow Chemical, U.S.A., 928 F.2d 1522, 1530 (11th Cir.), cert. denied, 502 U.S. 968 (1991); Varhol v. National R.R. Passenger Corp., 909 F.2d 1557, 1562 (7th Cir. 1990); Kraus v. Consol. Rail Corp., 899 F.2d 1360, 1364 (3d Cir. 1990).

altered the documents after presenting them to the judge, (2) the defendants' search was objectively reasonable in light of the clearly established law, given the Missouri law allowing warrantless searches, (3) Schwartz had failed to allege that the warrant lacked probable cause if viewed without information on the stolen cars and parts, and (4) an application for a search warrant by an unauthorized person does not per se render the search warrant invalid. The court concluded that Schwartz had not alleged a violation of a clearly established constitutional right and that summary judgment on the basis of qualified immunity was therefore warranted.

We review the district court's grant of summary judgment de novo, applying the same standards as did the district court. Thomason v. Scan Volunteer Serv., Inc., 85 F.3d 1365, 1370 (8th Cir. 1996). Pridy and Keck are entitled to qualified immunity unless they violated Schwartz's "`clearly established' constitutional rights." Prosser v. Ross, 70 F.3d 1005, 1007 (8th Cir. 1995) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). A constitutional right is clearly established if "`a reasonable official would understand that what he is doing violates that right.'" Id. (quoting Anderson v. Creighton, 483 U.S. 635, 639 (1987)).

Schwartz argues that the defendants violated his clearly established civil rights by "the presentation to the state judge, for purposes of obtaining a search warrant, of false allegations of criminal conduct by plaintiff, knowing them to be false," thereby causing injury to Schwartz. (Appellant's Br. at 9.) Schwartz specifically alleges that Pridy knowingly lied in the application, affidavit, and search warrant regarding the stolen cars and parts allegedly kept at Schwartz's place of business. He further avers that the defendants presented the documents in their original form to the trial judge in order to obtain a search warrant and later altered the documents to cover their tracks. Schwartz asserts that

7

Pridy was not authorized under Missouri law to apply for a search warrant, because he is not a "peace officer."  See Mo. Rev. Stat. § 542.276.1 (stating that peace officers and prosecuting attorneys may apply for search warrants); id. § 590.100(4) (defining "peace officer").  Finally, he alleges that the defendants knowingly engaged in these misrepresentations to "punish and humiliate [Schwartz] and to damage his reputation." (Appellant's Br. at 11.)

Schwartz's argument fails for several reasons.  First, assuming, as we must, that the defendants knowingly misrepresented to the state judge the facts concerning stolen cars and auto parts, the misrepresentation did not result in a search in violation of the Fourth Amendment, because the search was valid even without a warrant.  Mo. Rev. Stat. § 301.225; New York v. Burger, 482 U.S. 691, 702 (1987) (upholding a statute that authorizes warrantless searches for salvage yards).  Second, no Fourth Amendment violation occurred here because the unchallenged portions of the warrant application and the affidavit, which allege that Schwartz was operating an unlicensed salvage business, established probable cause for a search.  See United States v. Johnson, 64 F.3d 1120, 1127 (8th Cir. 1995) (holding no Fourth Amendment violation exists when "unchallenged portions of an affidavit establish probable cause"), cert. denied, 116 S. Ct. 971 (1996).  Finally, Schwartz's contention that Pridy and Keck knowingly misrepresented their authority to obtain the warrant is unavailing, because, as explained above, the warrant was unnecessary.  Furthermore, Keck did not sign the documents and Pridy obtained the warrant in good faith, explicitly stating his official position on both the affidavit and the application.  See United States v. Freeman, 897 F.2d 346, 350 (8th Cir. 1990) (stating that no constitutional violation occurred when an unauthorized officer who was acting in good faith obtained a search warrant that was otherwise valid).

In sum, this record, viewed in the light most favorable to Schwartz, does not support his claim that the defendants violated

a clearly established Fourth Amendment right against unreasonable searches. To the extent that Schwartz contends the alleged misrepresentations damaged his reputation, we note that defamation is not a cognizable constitutional tort.  <u>Siegert v. Gilley</u>, 500 U.S. 226, 233 (1991).

Accordingly, we deny the motion to dismiss and affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.