# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1658
_____

Burrell D. Detherage,                *
                                         *
            Appellant,          *
                                         * Appeal from the United States
     v.                              * District Court for the
                                         * Western District of Missouri.
Jo Anne B. Barnhart, Commissioner   *    [UNPUBLISHED]
of Social Security,                 *
                                         *
           Appellee.          *

_____

Submitted:   November 21, 2003

Filed:   March 2, 2004
_____

Before WOLLMAN, BYE, and SMITH, Circuit Judges.
_____

PER CURIAM.

This is an attempted appeal from the district court's[1] order affirming the Commissioner of Social Security's termination of disability insurance benefits. The threshold issue for us is whether Detherage's notice of appeal, filed months before the district court's order was entered, is sufficient to give us jurisdiction to consider the appeal. We hold that it is not, and we therefore dismiss the appeal.

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

Detherage's September 30, 1987, application for disability insurance benefits was approved effective September 16, 1987, on the basis of Detherage's testicular carcinoma, alcoholic liver cirrhosis, and major depression. Some 11 years later, after a routine continuing disability review, the Commissioner determined that Detherage's disability had ceased and thus terminated his benefits. The Commissioner affirmed that decision upon reconsideration. Following a hearing, an Administrative Law Judge (ALJ) found that Detherage's disability had ceased as of November 1998 and ordered that benefits be discontinued as of January 1999. The Appeals Council of the Social Security Administration denied Detherage's request for review, and thus the ALJ's decision became the final decision of the Commissioner.

Detherage filed a complaint in the district court on May 24, 2001, arguing that the ALJ had improperly terminated his disability benefits. After the Commissioner's answer was filed and the district court had disposed of some discovery motions, Detherage filed a motion to remand under sentence six of 42 U.S.C. § 405(g) so that the ALJ might consider a post-hearing letter from Detherage's primary physician. The district court denied the motion on October 6, 2002. Detherage filed a notice of appeal of this order on December 2, 2002. On January 9, 2003, the district court entered an order stating that the attempted appeal was interlocutory in nature because the district court's denial of the motion for sentence six remand was not a final judgment. On March 10, 2003, the district court entered an order affirming the ALJ's determination on the merits. Detherage did not file a notice of appeal from the judgment entered on the March 10, 2003, order.

With narrow exceptions, our jurisdiction extends only to final judgments of the district courts. 28 U.S.C. § 1291; Powell v. Georgia-Pacific Corp., 90 F.3d 283, 284 (8th Cir. 1996). The Federal Rules of Appellate Procedure prescribe the preconditions to our exercise of appellate jurisdiction. Rule 3 states that "[a]n appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by

Rule 4." Fed. R. App. P. 3(a)(1). Rule 4 provides that the notice of appeal in a case where, as here, the government or its officer is a party shall be filed "by any party within 60 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(B). These rules are mandatory and jurisdictional. Arnold v. Wood, 238 F.3d 992, 994 (8th Cir. 2001).

Detherage argues that denial of his remand motion was in effect a final order because remand under sentence six was the only relief he sought from the district court. This is simply not true. Detherage raised a number of additional issues before the district court. He claimed that the record was incomplete because certain portions of the recording of the hearing were inaudible. He claimed that the ALJ had failed properly to assess his credibility and had misapplied the Medical-Vocational Guidelines. In a word, Detherage questioned the validity of the ALJ's determination on the merits and asked the district court to decide whether the termination of benefits was supported by substantial evidence. Only with its order of March 10, 2003, did the district court dispose of all these claims. As we recently stated, "A district court's decision is final if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" Reinholdson v. Minnesota, 346 F.3d 847, 849 (8th Cir. 2003) (quoting Cunningham v. Hamilton County, 527 U.S. 198, 204 (1999)). Accordingly, Detherage's appeal from the October 6, 2002, order denying his motion for a sentence six remand was interlocutory because that order did not dispose of all of the issues in the case. Jenson v. Dole, 677 F.2d 678, 679-80 (8th Cir. 1982).

There remains the question whether the purported appeal can be found to be properly before us by virtue of the provisions of Fed. R. App. P. 4(a)(2), which provides that "[a] notice of appeal filed after the court announces a decision or order–but before the entry of the judgment or order–is treated as filed on the date of and after the entry." We conclude that it cannot, for the rule "permits a notice of appeal from a nonfinal decision to operate as a notice of appeal from the final judgment only when a district court announces a decision that would be appealable

if immediately followed by the entry of judgment." <u>Firstier Mortgage Co. v. Investors Mortgage Ins. Co.</u>, 498 U.S. 274, 276 (1991). Any judgment entered on the October 6, 2002, order could not have reasonably been considered to be final for the reasons stated above. Thus, Detherage cannot plausibly argue that he falls within the group that the rule was designed to protect: "[T]he unskilled litigant who files a notice of appeal from a decision that he reasonably but mistakenly believes to be a final judgment, while failing to file a notice of appeal from the actual final judgment." <u>Id.</u>

Nor is there any other reason why Detherage should be excused from the necessity of filing a notice of appeal from the March 10, 2003, order. The doctrine of "unique circumstances," which we applied to preserve the appeal in <u>Schwartz v. Pridy</u>, 94 F.3d 453 (1996), is not applicable in Detherage's case, for unlike the litigant in <u>Schwartz,</u> Detherage did not rely upon any erroneous advice from the district court that no further notice of appeal need be filed. Indeed, in contrast to the situation in <u>Schwartz</u>, the district court specifically noted in its January 9, 2002, order that Detherage's notice of appeal was premature because it was filed with respect to a non-final decision.

Because a timely notice of appeal has not been filed with respect to the district court's March 10, 2003, order, we lack jurisdiction, and thus the appeal must be dismissed. It is so ordered.

_____