## THOMPSON *v.* IMMIGRATION AND NATURAL- IZATION SERVICE.

No. 496.  Decided January 6, 1964.

*Hal Witt* for petitioner.

*Solicitor General Cox, Assistant Attorney General Miller, Beatrice Rosenberg* and *Julia P. Cooper* for respondent.

Per Curiam.

Petitioner, a native and national of Canada, filed a petition for naturalization under the provisions of § 310 (b) of the Nationality Act of 1940, 8 U. S. C. (1946 ed.) § 710 (b), now 8 U. S. C. § 1430.  On April 18, 1962, the United States District Court for the Northern District of Illinois entered a final order denying the petition on the

ground that petitioner had failed to establish his attachment to the United States Constitution. Twelve days later, on April 30, 1962, petitioner served notice on the Immigration and Naturalization Service that he would appear before the trial judge on May 2, 1962, with post-trial motions "to amend certain findings of fact pursuant to Rule 52 F. R. C. P. and for a new trial pursuant to Rule 59 F. R. C. P." The Government raised no objection as to the timeliness of these motions, and the trial court specifically declared that the "motion for a new trial" was made "in ample time." On October 16, 1962, these motions were denied. On December 6, 1962, within 60 days of the denial of the post-trial motions but not within 60 days of the original entry of judgment by the District Court, petitioner filed a notice of appeal. The Government then moved in the Court of Appeals to dismiss the appeal on the ground that notice of appeal had not been filed within the 60-day period prescribed by Rule 73 (a) of the Federal Rules of Civil Procedure and that petitioner's post-trial motions were untimely and hence did not toll the running of the time for appeal. The Court of Appeals granted the motions. Petitioner now seeks review by certiorari of the dismissal of his appeal.

Rule 73 (a) of the Federal Rules of Civil Procedure designates "the time within which an appeal may be taken" in this type of case as "60 days" from "the entry of the judgment appealed from . . . ." The Rule also declares that:

> "the full time for appeal fixed in this subdivision commences to run and is to be computed from the entry of any of the following orders made upon a *timely* motion under such rules: . . . granting or denying a motion under Rule 52 (b) to amend or make additional findings of fact . . . ; or granting or denying a motion under Rule 59 to alter or amend the judgment; or denying a motion for a new trial under Rule 59." (Emphasis added.)

It is clear that if petitioner's post-trial motions were "timely," then the appeal, which was filed within 60 days of the disposition of the motions, was timely. The Government alleges, however, that the post-trial motions were not timely since the applicable rules provide that they must be "served not later than 10 days after the entry of the judgment," and these motions were served 12 days after the entry of judgment. The Government concludes, therefore, that since there was no "timely motion" under the rules designated in Rule 73 (a), the appeal must be, but was not, filed within 60 days of the entry of the original judgment.

Although petitioner admits that the post-trial motions were not served until 12 days after the entry of judgment, he claims that they should be deemed timely since they were served 10 days "from receipt of notice of entry of the judgment" by his lawyers who were not in court on the day the judgment was entered. He claims, moreover, that he relied on the Government's failure to raise a claim of untimeliness when the motions were filed and on the District Court's explicit statement that the motion for a new trial was made "in ample time"; for if any question had been raised about the timeliness of the motions at that juncture, petitioner could have, and presumably would have, filed the appeal within 60 days of the entry of the original judgment, rather than waiting, as he did, until after the trial court had disposed of the post-trial motions.

In a recent case involving a closely related issue, we recognized "the obvious great hardship to a party who relies upon the trial judge's finding of 'excusable neglect' prior to the expiration of the [applicable period for filing an appeal] and then suffers reversal of the finding . . ." after the time for filing the appeal has expired. *Harris Truck Lines, Inc.,* v. *Cherry Meat Packers, Inc.,* 371 U. S. 215, 217. In that case petitioner had, within the applicable period for filing his appeal, received from the trial

court a 30-day extension on the time for filing his appeal on the ground of "excusable neglect based on a failure of a party to learn of the entry of the judgment." Fed. Rules Civ. Proc., 73 (a). Petitioner then filed his appeal within the period of the extension but beyond the original period. The Court of Appeals, concluding that there had been no "excusable neglect" within the meaning of Rule 73 (a), held that the District Court had erred in granting the extension and dismissed the appeal. We reversed the dismissal and remanded the case to the Court of Appeals "so that petitioner's appeal may be heard on its merits." *Ibid.* See also *Lieberman* v. *Gulf Oil Corp.*, 315 F. 2d 403, cert. denied, 375 U. S. 823.

The instant cause fits squarely within the letter and spirit of *Harris.* Here, as there, petitioner did an act which, if properly done, postponed the deadline for the filing of his appeal. Here, as there, the District Court concluded that the act had been properly done. Here, as there, the petitioner relied on the statement of the District Court and filed the appeal within the assumedly new deadline but beyond the old deadline. And here, as there, the Court of Appeals concluded that the District Court had erred and dismissed the appeal. Accordingly, in view of these "unique circumstances," *Harris Truck Lines, Inc.*, v. *Cherry Meat Packers, Inc., supra,* at 217, we grant the writ of certiorari, vacate the judgment, and remand the case to the Court of Appeals so that petitioner's appeal may be heard on the merits.

*It is so ordered.*

MR. JUSTICE CLARK, with whom MR. JUSTICE HARLAN, MR. JUSTICE STEWART and MR. JUSTICE WHITE join, dissenting.

I agree with the Court of Appeals that it did not have jurisdiction to hear this appeal on the merits.

Petitioner's motions "to amend certain findings of fact pursuant to Rule 52 F. R. C. P. and for a new trial pur-

suant to Rule 59 F. R. C. P." were not timely filed, as they were not served until the 12th day after entry of judgment and not filed until the 14th day. The rules are phrased in mandatory terms:

> Rule 52 (b): "Upon motion of a party made *not later than 10 days* after entry of judgment the court may amend its findings . . . ."
>
> Rule 59 (b): "A motion for a new trial *shall be served not later than 10 days* after the entry of the judgment."
>
> Rule 59 (e): "A motion to alter or amend the judgment *shall be served not later than 10 days* after entry of the judgment." (Emphasis supplied.)

Rule 6 (b) specifically says that the court "may not extend the time for taking any action under rules . . . 52 (b), 59 (b), (d) and (e) . . . and 73 (a) . . . except to the extent and under the conditions stated in them." These requirements are mandatory and cannot be enlarged by the court or by the parties. None of these rules provides for any extension of time except 73 (a), which authorizes, "upon a showing of excusable neglect based on a failure of a party to learn of the entry of the judgment," an extension of the time for appeal "not exceeding 30 days from the expiration of the original time herein prescribed." Petitioner has made no claim under this provision of Rule 73 (a) in the District Court, the Court of Appeals or in the "questions presented" here. The running of the time for appeal is terminated by the filing of a *timely* motion under Rule 52 or Rule 59. But here petitioner contends that the trial court's statement that the motions were "in ample time," considered together with the Government's acquiescence, was sufficient to effect such termination. Whether the trial judge's statement was spontaneous or made by agreement is not shown by the record and is of no legal significance. The rules specifically say that motions to amend the findings

and for new trial must be made within 10 days and that this time shall not be extended.

In the light of these facts I cannot say that this case "fits squarely within the letter and spirit" of *Harris Truck Lines, Inc.,* v. *Cherry Meat Packers, Inc.,* 371 U. S. 215 (1962). As I read the facts in the two cases, *Harris Lines* does not touch the problem here. In that case the District Court, after denying a timely motion for a new trial, granted an application under Rule 73 (a) based on "excusable neglect" to enlarge the time for appeal. The trial court had jurisdiction and "properly entertained the motion . . . before the initial 30 days allowed for docketing the appeal had elapsed." At 216. We said that a finding of "excusable neglect" by a motions judge was entitled to "great deference by the reviewing court" in the light of the "obvious great hardship to a party who relies upon the trial judge's finding." At 217. Finally, we said that the showing of "excusable neglect" was of "unique circumstances sufficient that the Court of Appeals ought not to have disturbed the motion judge's ruling." *Ibid.* That is a far cry from this case where the trial court had no jurisdiction to pass upon the untimely motions to amend the findings and for a new trial. To escape this, the Court either reads into the rules, contrary to the specific prohibition of 6 (b), authorization for the District Court to enlarge the time for filing such motions, or treats the motions as being within the provisions of Rule 73 (a), despite failure to allege any "excusable neglect." By thus authorizing the trial judge to entertain the motions it thereby extends the time for appeal. And, as I have said, the error of the trial judge in entertaining the motions could not be validated by the acquiescence of the Government. It is elementary that the parties cannot confer jurisdiction on the court.

We have said that untimely motions to amend the findings and for new trial are of no legal significance whatsoever because the limiting language of Rule 6 (b) is

"mandatory and jurisdictional and [can]not be extended regardless of excuse." *United States* v. *Robinson,* 361 U. S. 220, 229 (1960). In my view we should abide by these rules or amend them, rather than emasculate them.

Rules of procedure are a necessary part of an orderly system of justice. Their efficacy, however, depends upon the willingness of the courts to enforce them according to their terms. Changes in rules whose inflexibility has turned out to work hardship should be effected by the process of amendment, not by *ad hoc* relaxations by this Court in particular cases. Such dispensations in the long run actually produce mischievous results, undermining the certainty of the rules and causing confusion among the lower courts and the bar. Cf. *Lieberman* v. *Gulf Oil Corp.,* 315 F. 2d 403, 406, 407.

Accordingly, I would have denied certiorari in the present case, but now that it is here I would affirm the judgment of the Court of Appeals.