53 F.3d 345
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Robert W. KEARNS, Plaintiff-Appellant,
v.
TOYOTA, NISSAN, HONDA, TOYO KOGYO (MAZDA), and Fuji
(Subaru), Defendants/Cross-Appellants.
 Nos. 94-1305, 94-1321.
 United States Court of Appeals, Federal Circuit.
 Feb. 15, 1995.
 
 Before CLEVENGER, Circuit Judge, COWEN, Senior Circuit Judge, and SCHALL, Circuit Judge.
 ON MOTION
 ORDER
 SCHALL, Circuit Judge.
 
 
 1
 We construe Robert W. Kearns's "Notice to the Court & Request For Relief" as (1) a motion for reconsideration of the court's September 15, 1994 order dismissing appeal no. 94-1305 and cross-appeal no. 94-1321, and directing the clerk to dismiss appeal nos. 94-1306, 94-1307, 94-1308 and cross-appeal no. 94-1322, absent objections,[1] and (2) a motion for an extension of time to file a response to Toyota's motion to dismiss. We construe Kearns's "Objection to the Clerk in 14 days in Compliance with Panel 94-1305, -1321's Order of 15 September 1994" as an additional motion for reconsideration of the court's dismissal order. Toyota opposes all motions. Kearns moves for an extension of time to reply to Toyota's opposition.
 
 
 2
 Kearns filed a patent infringement action against Toyota in the United States District Court for the Eastern District of Michigan. On February 4, 1994, the district court dismissed Kearns's suit with prejudice on the grounds that he was unable to adequately represent himself and that he refused to retain counsel. The district court also dismissed case nos. 78-70642 and 82-70749, which were consolidated with Toyota's district court case, no. 85-70459.
 
 
 3
 Kearns sought an extension of time to file a Fed.R.Civ.P. 59(e) motion seeking reconsideration of the dismissal order. The district court granted Kearns's motion for an extension of time. Kearns subsequently filed a Rule 59(e) motion. On March 31, 1994, the district court denied Kearns's motion. Kearns filed notices of appeal in all of these cases, which were docketed in this court as appeal nos. 94-1305, 94-1306, 94-1307, and 94-1308. Toyota and Daimler-Benz filed cross-appeals, nos. 94-1321 and 94-1322.
 
 
 4
 Toyota moved to dismiss appeal no. 94-1305 as filed out of time and, if dismissed, to voluntarily dismiss its cross-appeal no. 94-1321. None of the other parties filed motions regarding the remaining appeals. Toyota argued that Kearns's appeal was untimely because (1) the district court did not have the authority to extend the time for filing a Rule 59(e) motion and, thus, Kearns's appeal was filed beyond the 30-day appeal period, (2) even if Kearns filed a timely Rule 59(e) motion, his notice of appeal filed in this court was filed at least one day out of time, or (3) Kearns's notice of appeal was at least three days out of time because the date of filing is the date the district court, not this court, received Kearns's notice of appeal.
 
 
 5
 In our September 15, 1994 order, we granted Toyota's motion to dismiss on the ground that Kearns filed his notice of appeal at least one day out of time. Kearns's notices of appeal were due to be filed no later than May 2, 1994. The notices of appeal were stamped as received by this court on May 3, 1994. Therefore, it appeared that Kearns filed his notices of appeal at least one day late and we dismissed. The court did not consider Toyota's other grounds for dismissal.
 
 
 6
 Kearns moves for reconsideration. First, he argues that he did not receive a copy of Toyota's motion to dismiss and moves for an extension of time to respond. Toyota submits a certificate of service showing that Kearns was served with a copy of the motion to dismiss by first class mail. Further, Toyota submits proof of delivery from Federal Express that a copy of the motion was delivered to Kearns by overnight mail and was signed for by "R. Kearns." Thus, we are satisfied that Kearns received a copy of the motion to dismiss, and we decline to allow Kearns additional time to respond.
 
 
 7
 Next, Kearns moves for reconsideration on the ground that he timely filed his notices of appeal on May 2, 1994. Kearns argues that his notices of appeal were left in the court's night box on May 2 and, therefore, they should have been stamped as received by the court on May 2, not on May 3, 1994. After reviewing the copies of the notices of appeal submitted by Kearns with his motion, we conclude that the notices were received in the night box on May 2 and should have been stamped as received on May 2. Thus, Kearns's appeals should not have been dismissed on the ground that they were filed one day out of time. We now consider the alternative grounds for dismissal presented by Toyota in its motion to dismiss and again in its opposition to Kearns's motions for reconsideration.
 
 
 8
 Toyota first contends that the district court did not have the authority to extend the ten-day statutory period for filing a Rule 59(e) motion. Therefore, Toyota argues, Kearns was required to file a notice of appeal within 30 days after the entry of judgment, and a notice of appeal filed within 30 days of the ruling on the Rule 59(e) motion was untimely.
 
 
 9
 We agree that the district court did not have the authority to extend the time for Kearns to file a Rule 59(e) motion. Rule 59(e) states that "[a] motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment." Fed.R.Civ.P. 6(b) states specifically that a court "may not extend the time for taking any action under Rule[ ] ... 59(e)."
 
 
 10
 The Supreme Court has allowed an exception to this rule where "unique circumstances" exist. In Thompson v. I.N.S., 375 U.S. 384 (1964), the petitioner presented his post-trial motions more than 10 days after judgment was entered. However, there was no opposition to petitioner's motions and the trial court specifically declared that the "motion for a new trial" was made "in ample time." Thompson, 375 U.S. at 385. Based upon these assurances, petitioner filed a notice of appeal after the post-trial motions were ruled on, which was more than 60 days after the original entry of judgment. The court of appeals dismissed the appeal as filed out of time. The Supreme Court vacated the judgment and held that because the petitioner relied on a statement of the district court and "did an act which, if properly done, postponed the deadline for filing his appeal," there existed "unique circumstances" warranting remand of the case to the court of appeals to be heard on the merits. Thompson, 375 U.S. at 387 (citing Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc., 371 U.S. 215, 217 (1962)).
 
 
 11
 Twenty-five years later, in Osterneck v. Ernst & Whinney, 489 U.S. 169, 179 (1989), the Supreme Court clarified its Thompson holding. In Osterneck, the Court stated that "[b]y its terms, Thompson applies only where a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that this act has been properly done." In all circuits that have considered the issue, Osterneck has been interpreted as narrowing the unique circumstances doctrine set out in Thompson.[2] These circuits have interpreted Osterneck to require something more affirmative than a minute order granting a party's motion for extending the time to file a Rule 59 motion for unique circumstances to exist. See Hope v. United States, 43 F.3d 1140, 1143 (7th Cir.1994); In re Mouradick, 13 F.3d 326, 328-29 (9th Cir.1994); Mt. Graham Red Squirrel v. Madigan, 954 F.2d 1441, 1462-63 (9th Cir.1992); In re Slimick, 928 F.2d 304, 310 (9th Cir.1990);[3] Feinstein v. Moses, 951 F.2d 16, 21 (1st Cir.1991); Pinion v. Dow Chemical, U.S.A., 928 F.2d 1522, 1534 (11th Cir.1991); Kraus v. Consolidated Rail Corp., 899 F.2d 1360, 1365-66 (3d Cir.1990); see also Collard v. U.S., 10 F.3d 718 (10th Cir.1993).
 
 
 12
 Thus, our sister circuits that have considered the issue post-Osterneck do not view the mere grant by the district court of an extension of time to file a Rule 59(e) motion as creating unique circumstances that would toll the time for filing a notice of appeal. Although Kearns was granted an extension of time to file Rule 59(e) motion, the district court was without authority to extend the time. Therefore, Kearns's motion for reconsideration did not toll the time for filing his notices of appeal. To be timely, Kearns was required to file his notices of appeal within 30 days of the district court's entry of judgment, that is, by March 7, 1994. Kearns filed his notices of appeal on May 2, 1994. Thus, Kearns's notices of appeal were filed out of time.
 
 
 13
 Toyota also argues that even if Kearns had until May 2 to file his notices of appeal, he was required to file the notices of appeal in district court, not in this court. Fed.R.App.P. 4(a)(1) allows an appeal to be docketed as filed on the date it is received by an appellate court when an appellant mistakenly files the notice in the appellate court. Toyota maintains that Kearns did not "mistakenly" file his notices of appeal in this court, and he is not entitled to the "mistakenly filed" exception of Rule 4(a)(1).
 
 
 14
 It is difficult to determine with certainty whether Kearns purposely or mistakenly filed his notices of appeal in this court instead of in the district court. Thus, we decline to sustain our dismissals of Kearns's appeals on this ground. However, Kearns is now on notice that any future notices of appeal from district court actions must be filed in the district court. Any future notice of appeal from a district court action filed by Kearns in this court will not be considered a "mistake" for purposes of Rule 4(a)(1).
 
 
 15
 Finally, regarding Kearns's motion for an extension of time to file a reply to Toyota's oppositions, Kearns is not entitled to reply. See Fed.R.App.P. 27. Furthermore, a reply by Kearns would not change the court's determination that our dismissal of the appeals was appropriate.
 
 
 16
 Accordingly,
 
 IT IS ORDERED THAT:
 
 17
 (1) Kearns's motions for reconsideration of the court's dismissal order are denied.
 
 
 18
 (2) Kearns's motion for an extension of time to file a response to Toyota's motion to dismiss is denied.
 
 
 19
 (3) Appeal nos. 94-1306, 94-1307, 94-1308, and 94-1322 are hereby dismissed.
 
 
 20
 (4) Kearns's motion for an extension of time to file a reply is denied.
 
 
 21
 (5) All sides shall bear their own costs.
 
 
 
 [1]
 Kearns filed objections. Thus, these appeals were not dismissed pursuant to our September 15 order. However, we consider herein the propriety of dismissal
 
 
 [2]
 In Fairley v. Jones, 824 F.2d 440 (5th Cir.1987), the Fifth Circuit allowed the late filing of an appeal under similar circumstances. However, this case was decided before Osterneck and the Fifth Circuit has no post-Osterneck cases
 
 
 [3]
 In Mouradick, Mt. Graham, and Slimick, the Ninth Circuit was in conformance with other circuits. However, in Miller v. Maxwell's Int'l, Inc., 991 F.2d 583, 585 (9th Cir.1993), the Ninth Circuit, relying on a pre-Osterneck case, held the other way