Jere SCOLA, Jr., Plaintiff, Appellant,

v.

BEAULIEU WIELSBEKE, N.V. and
Dominek de Clerck, Defendants,
Appellees.

Jere SCOLA, Jr., Plaintiff, Appellee,

v.

BEAULIEU WIELSBEKE, N.V. and
Dominek de Clerck, Defendants,
Appellants.

Nos. 97–1229, 97–1230.

United States Court of Appeals,
First Circuit.

Heard Dec. 3, 1997.

Decided Dec. 19, 1997.

Caroline C. Kresky, Atlanta, GA, who
whom Holland & Knight LLP and Robert E.
Mongue, Kennebunk, ME, were on brief for
Beauleiu Wielsbeke, N.V. and Dominiek De
Clerck.

Eric Cote, Saco, ME, with whom Joseph
M. Wrobleski, Jr. were on brief for Jere
Scola, Jr.

Before BOUDIN, Circuit Judge, and
CAMPBELL and BOWNES, Senior Circuit
Judges.

BOWNES, Senior Circuit Judge.

Two issues have been raised by the parties
in this case. The first, in which the plaintiff
Jere Scola, Jr. is the appellant, is an appeal
by Scola on the merits from a summary
judgment in favor of defendants-appellees
Beaulieu Wielsbeke, N.V. and Dominiek De
Clerck. The second issue, in which the de-
fendants are appellants, focuses on only one
question: whether Scola's appeal from the
summary judgment against him was timely
filed.

Because we find that Scola's appeal was
not timely filed, we dismiss the case for lack
of jurisdiction and do not reach Scola's ap-
peal from the summary judgment against
him.

Under Fed. Rule App. Proc. 4(a) and 28
U.S.C. § 2107, a notice of appeal in a civil
case must be filed within 30 days of entry
of the judgment or order from which the

appeal is taken. This 30–day time limit is "mandatory and jurisdictional."

*Browder v. Director, Ill. Dep't of Corrections,* 434 U.S. 257, 264, 98 S.Ct. 556, 561, 54 L.Ed.2d 521 (1978) (citations omitted); *see also Smith v. Barry,* 502 U.S. 244, 248, 112 S.Ct. 678, 681–82, 116 L.Ed.2d 678 (1992); *Aybar v. Crispin–Reyes,* 118 F.3d 10, 14 (1st Cir.1997), *petition for cert. filed,* (U.S. Sept. 24, 1997) (Nos. 97–6253, 6255); *Acevedo–Villalobos v. Hernandez,* 22 F.3d 384, 387 (1st Cir.1994).

### I.

■ According to the court docket, final judgment was entered on November 22, 1996. Scola claims, however, that there was no final judgment (or Rule 54(b) certification) and that as a result, his notice of appeal was not late but premature. This rather astounding argument is based on the procedural history of a counterclaim filed by defendants in their answer to Scola's complaint. The counterclaim sought the return of certain documents given to Scola during the proceedings. On June 17, 1996, defendants filed a stipulation of dismissal of the counterclaim without prejudice and withdrawal of a jury trial demand. By letter of July 30, 1996, the clerk advised all counsel of record that the court had ruled that dismissal of the counterclaim and withdrawal of the jury demand were ineffective and therefore denied. The court cited Federal Rules of Civil Procedure 41(a) and 38(d). The court's reading of these rules was correct. There is nothing further about the counterclaim in the district court record. The counterclaim argument was made by Scola for the first time in a motion to dismiss the appeal filed in this court. We note that Scola's notice of appeal states that he is appealing "from the final judgment entered in this action on the 22 day of November, 1996."

Scola's attempt to resuscitate the moribund counterclaim is precluded by the final sentence of the district court's order granting summary judgment for defendants. "This conclusion makes moot all other pending matters in this case." The counterclaim obviously was a pending matter.

### II.

■ The second argument made by Scola in his effort to avoid the consequences of filing an untimely appeal invokes the doctrine of "unique circumstances." He claims that, "[t]he parties and the district court made a mutual mistake about the power of the court to extend time for a Rule 59(e) motion." Scola's Brief at 2. Our analysis starts with the date of final judgment, November 22, 1996; this makes December 23, 1996 the last day for filing a notice of appeal. It also makes December 9, 1996 the last day for filing a Rule 59(e) motion for a new trial.

Scola met neither deadline. The docket shows the following filings and response orders.

1. On November 27, 1996, Scola filed a motion to extend the time to file a Rule 59(e) motion until December 18, 1996.

2. On December 2, 1996, the motion was granted by endorsement.

3. On December 18, 1996, plaintiff delivered the Rule 59(e) motion to the clerk's office and it was date-stamped as received by the clerk on the 18th. The motion was entered on the docket on December 19, 1996.

4. On January 7, 1997, the district court denied appellant's Rule 59(e) motion by endorsement.

5. On January 16, 1997, plaintiff delivered a notice of appeal from the November 22, 1996 final judgment; it was date stamped as received on the 16th, and entered on the docket on January 17th.

6. On January 17, 1997, Scola filed a Fed. R.App. P. 4(a)(5) motion to extend the time for filing a notice of appeal to *January 15, 1997—one day after he had filed the above notice of appeal.* (Emphasis ours.)

7. On February 7, 1997, the district court judge granted Scola's FRAP 4(a)(5) motion by endorsement.

The "unique circumstances" doctrine had its genesis in *Thompson v. I.N.S.,* 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964). It was found not to apply in *Osterneck v. Ernst & Whinney,* 489 U.S. 169, 109 S.Ct. 987, 103

L.Ed.2d 146 (1989). The Court restated the doctrine:

> By its terms, *Thompson* applies only where a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that this act has been properly done.

*Id.* at 179, 109 S.Ct. at 993. Our latest decision on the doctrine is stated in *Air Line Pilots Ass'n v. Precision Valley Aviation, Inc.*, 26 F.3d 220, 225 (1st Cir.1994).

> There are two preconditions to the availability of the "unique circumstances" exception. First, the exception "applies only where a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that this act has been properly done." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 179, 109 S.Ct. 987, 993, 103 L.Ed.2d 146 (1989). Second, the court's action or statement must have occurred at a point when, had the party not been led astray, it would have been able to file a timeous notice of appeal. *See Feinstein*, 951 F.2d at 20. Here, neither precondition is satisfied, for the district court did nothing to lull appellant into inactivity.

The last sentence of the quote is specifically pertinent to the case at bar.

■ The first question is the effect of the filing of the Rule 59(e) motion. A timely-filed Rule 59(e) motion tolls the time to take an appeal. Fed. R.App. P. 4(a)(4). But an untimely Rule 59(e) motion is a nullity and does not have any tolling effect. *Feinstein v. Moses*, 951 F.2d 16, 18 (1st Cir.1991). Moreover, the district court "may not extend the time for taking any action under ... [Rule 59(b), (d) and (e)] ... except to the extent and under the conditions stated in [the rule]." Fed.R.Civ.P. 6(b).

We find that the "unique circumstances" doctrine does not apply. For the doctrine to apply Scola must meet the requirements set forth in *Osterneck*, 489 U.S. at 179, 109 S.Ct. at 993. Scola did not receive "specific assurance by a judicial officer" that any of his late filings had "been properly done." The court did, on February 7, 1997, grant Scola's motion under Fed. R.App. P. 4(a)(5) to extend the time for filing a notice of appeal to January 15, 1997. But even making the very dubious assumption that the court had the authority to extend the time for filing the appeal to January 15, Scola failed to meet the deadline he imposed on himself. The notice of appeal was filed on January 16, one day *after* Scola's self-imposed deadline of January 15. This is a truly unique situation, it beggars the imagination, but it certainly does not fall within the "unique circumstances" doctrine.

Scola's brief also urges that the client should not be penalized for his attorney's mistakes. The Court rejected such a plea in *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633–34, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962):

> There is certainly no merit to the contention that dismissal of the petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have "notice of all facts, notice of which can be charged upon the attorney."

(citation omitted); *see also Figueroa Ruiz v. Alegria*, 896 F.2d 645, 650 n. 5 (1st Cir.1990); *Damiani v. Rhode Island Hosp.*, 704 F.2d 12, 16 (1st Cir.1983).

For the reasons stated, *Scola's appeal is dismissed for lack of jurisdiction. Costs awarded to defendants.*