Lawtis Donald **RHODEN,**
Plaintiff–Appellant,

v.

Donal **CAMPBELL,** Commissioner, Tennessee Department of Corrections; Charles B. Bass, Assistant Commissioner, T.D.O.C.; David G. Mills, Warden, Turney Center Prison; David Westbrooks, Sgt.; Bruce Coates; Eric Hardison, Sgt.; Billy Hunnicut; Al Watzlavick; Terrance Deak; Valerie Worley; Michael Roberts, Cpl., in Their Individual and Official Capacities, Defendants–Appellees.

No. 98–5088.

United States Court of Appeals,
Sixth Circuit.

Aug. 14, 1998.

George E. Barrett, Phillip A. Purcell, James B. Lewis, Barrett, Johnston & Parsley, Nashville, TN, for Plaintiff–Appellant.

Mark A. Hudson, Asst.Atty.Gen., Kimberly J. Dean, Dep.Atty.Gen., Office of Atty.Gen., Nashville, TN, for Defendants–Appellees.

Before: MERRITT, KENNEDY, and GILMAN, Circuit Judges.

## ORDER

This matter is before the court upon consideration of the appellant's response to this court's order directing him to show cause why his appeal should not be dismissed for lack of jurisdiction on the basis of a late notice of appeal. Counsel for the appellant responded stating that he sought and was granted extensions of time by the district court; that this court has jurisdiction pursuant to the "unique circumstances" doctrine of *Thompson v. INS,* 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964) (per curiam); and that this court followed *Thompson* in *Birrell v. Brown,* 867 F.2d 956 (6th Cir.1989) in which it excused an untimely notice of appeal where the district court incorrectly granted an extension of time.

It appears from the documents before the court that the district court's decision was entered October 9, 1997. By motion filed October 17, 1997, counsel sought a 15 day extension of time for filing a Fed.R.Civ.P. 59(e) motion. The extension of time was granted by marginal ruling. However, Fed. R.Civ.P. 6(b) specifically provides that extensions of time may not be granted for the filing of Rule 59(e) motions. The Rule 59(e) motion to alter or amend was filed on October 31, 1997 and denied by marginal ruling entered December 1, 1997. On December 22, 1997, counsel filed a Fed.R.Civ.P. 60(b) motion for relief from judgment and a motion for extension of time for filing a notice of appeal for 30 days to allow the district court to rule on the Rule 60(b) motion prior to the filing of the notice of appeal. Pursuant to Fed. R.App. P. 4(a)(5), any motion for extension of time in this case was due to have been filed December 10, 1997. By marginal ruling entered December 31, 1997, the district court granted the extension of time. The notice of

appeal was filed on December 31, 1997. The Rule 60(b) motion was denied by marginal ruling entered January 20, 1998.

In *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 179, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989), the court clarified *Thompson* by holding that "[b]y its terms, *Thompson* applies only where a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that this act has been properly done." A ruling granting an extension of time for filing a time-tolling motion, although specifically prohibited by Fed.R.Civ.P. 6(b), is not the type of specific assurance that triggers the "unique circumstances" doctrine of *Thompson*. *Scola v. Beaulieu Wielsbeke, N.V.*, 131 F.3d 1073, 1075 (1st Cir.1997); *Hope v. United States*, 43 F.3d 1140, 1143–44 (7th Cir. 1994), *cert. denied*, 515 U.S. 1132, 115 S.Ct. 2558, 132 L.Ed.2d 812 (1995); *Pinion v. Dow Chem.*, 928 F.2d 1522, 1531–34 (11th Cir.), *cert. denied*, 502 U.S. 968, 112 S.Ct. 438, 116 L.Ed.2d 457 (1991); *Kraus v. Consolidated Rail Corp.*, 899 F.2d 1360, 1365–66 (3d Cir. 1990); *Green v. Bisby*, 869 F.2d 1070, 1072–73 (7th Cir.1989).

Counsel for the appellant relies on this court's decision of *Birrell v. Brown*. This court accepted jurisdiction in the case because it determined that the late notice of appeal was the result of counsel's reliance on the erroneous extension of time for filing a motion for reconsideration. However, it did not address the "unique circumstances" doctrine, did not mention the *Thompson* decision, and was decided prior to the *Osterneck* decision.

Although counsel for the appellee apparently believed that the Fed.R.Civ.P. 59(e) motion tolled the appeal period, there was no specific assurance by the district court judge that the motion was timely filed or that it tolled the appeal period. Accordingly, it does not fall within the "unique circumstances" doctrine. *See Osterneck*, 489 U.S. at 179, 109 S.Ct. 987.

The failure of appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Fed. R.App. P. 4(a) is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. *Baker v. Raulie*, 879 F.2d 1396, 1398 (6th Cir.1989) (per curiam). Fed. R.App. P. 26(b) specifically provides that this court may not enlarge the time for filing a notice of appeal.

It is ordered that the appeal is dismissed for lack of jurisdiction.