**James HESCOX, Jr., Plaintiff–Appellee,**

v.

**NIAGARA WHEATFIELD CENTRAL SCHOOL DISTRICT, Defendant–Appellant.**

**Docket No. 00–9571.**

United States Court of Appeals, Second Circuit.

June 20, 2001.

Richard Collins, Buffalo, NY, for appellant.

Richard G. Berger, Buffalo, NY, for appellee.

Present VAN GRAAFEILAND, KEARSE, Circuit Judges, and RAKOFF,

District Judge.*

### SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the Western District of New York, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment and order of the said District Court be and they hereby are affirmed.

Defendant Niagara Wheatfield Central School District (the "School District") appeals (1) from a September 25, 2000 judgment of the United States District Court for the Western District of New York, William M. Skretny, *Judge*, entered following a jury verdict awarding plaintiff James Hescox, Jr., $90,000 in damages for violation of his rights under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), and state law, and (2) from a November 16, 2000 order that, *inter alia*, denied the School District's posttrial motion pursuant to Fed.R.Civ.P. 50(b) for judgment as a matter of law. On appeal, the School District asks this Court to order judgment in its favor or at least to reverse or reduce the damages award, arguing principally that as a matter of law Hescox presented insufficient evidence that he was disabled within the meaning of the pertinent statutes, was denied a reasonable accommodation, or suffered monetary injury as a result of that denial. Assuming that the School District's notice of appeal was timely filed, we affirm.

 In its reply brief on appeal, the School District argued that its appeal is timely either because it moved under Fed. R.Civ.P. 50(b) and 59(a) for judgment as a

matter of law or a new trial and did so within the 30–day period allowed by the district court, or because it so moved immediately after verdict. We reject these contentions. First, there was no valid extension of the School District's time to make its Rule 50 and 59 motions. Such motions are timely only if filed not later than 10 days, as calculated pursuant to Fed.R.Civ.P. 6(a), after the entry of judgment, *see* Fed.R.Civ.P. 50(b), 59(b). The Federal Rules of Civil Procedure, while allowing enlargements of time to perform many acts, *see* Fed.R.Civ.P. 6(b), provide that, except in circumstances not pertinent here, the district court "may not extend the time for taking any action under Rules 50(b) and ... 59(b)," Fed.R.Civ.P. 6(b). *See, e.g., Rodick v. City of Schenectady*, 1 F.3d 1341, 1346 (2d Cir.1993) (no power to extend time for motions under Fed. R.Civ.P. 50(b) and 59(a)); *see also Lichtenberg v. Besicorp Group Inc.*, 204 F.3d 397, 401 (2d Cir.2000) (no power to grant consented-to motion for extension of time to move for reconsideration, to the extent that reconsideration was to be sought under Fed.R.Civ.P. 59(e) rather than under a local rule). Thus, although the district court in the present case purported to enlarge the time within which the School District could file its Rule 50 and 59 motions, that order was ineffective. Those motions were made beyond the 10–day deadline for such motions and hence were untimely. Since the 30–day appeal period provided by Fed.R.App.P. 4(a)(1)(A) is not extended by a Rule 50 or 59 motion unless the motion was "timely," Fed.R.App.P. 4(a)(4)(A), the unauthorized extension of the time to make those motions did not extend the School District's time to appeal, *see, e.g., Rodick v. City of Schenectady*, 1

---

* Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

F.3d at 1346. The district court's mistaken view of its authority does not excuse the late filing of the notice of appeal. "In the absence of exceptional circumstances, each party is responsible for knowing the pertinent procedural rules and principles and for taking such steps as are needed to protect its own interests." *Endicott Johnson Corp. v. Liberty Mutual Insurance Co.*, 116 F.3d 53, 57 (2d Cir.1997); *see also Osterneck v. Ernst & Whitney*, 489 U.S. 169, 179, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989); *Thompson v. INS*, 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964) (per curiam); *Mendes Junior International Co. v. Banco Do Brasil, S.A.*, 215 F.3d 306, 315 (2d Cir.2000); *Rodick v. City of Schenectady*, 1 F.3d at 1347. We see no exceptional circumstances here.

Second, the School District's contention, relying on *Meriwether v. Coughlin*, 879 F.2d 1037, 1040–41 (2d Cir.1989), that its posttrial Rule 50(b) and 59(a) motions were in fact made immediately after the jury returned its verdict is not supported by the record. The transcript segment quoted by the School District, reflecting the proceedings immediately after return of the verdict, shows clearly that the School District stated that it believed it was " 'entitled to renew the motion' " and that it " 'would like some time to do that.' " (School District reply brief on appeal at 3 (quoting (Trial Transcript ("Tr.") at 469))). It is also clear from the postverdict colloquy that the district court regarded only the motion for an extension of time, and not the substantive motions themselves, as having been made at that time:

THE COURT:.... I think what you're asking for now is an extended time—

MR. COLLINS [Counsel for the School District]: Yes.

THE COURT:—in which to formulate whatever motions you're able to make.

MR. COLLINS: Yes. Yes.

. . . . .

THE COURT: Why don't we set this for simultaneous motions [by plaintiff and defendant] just—and we'll come into court with those, and we'll do that in 30 days....

MR. COLLINS: And so we would be in essence, Judge, filing our motions on that date, not serving in advance on the other side?

THE COURT: Well, you know, actually, I wouldn't mind having them served like within three days of that date.

MR. COLLINS: Okay. Fine.

THE COURT: That way you'll at least know what the motions are about....

(Tr. 469–71.) We cannot conclude from this record that the Rule 50(b) motion was renewed immediately after the verdict.

█ On the eve of oral argument of this appeal, however, the School District moved, without objection from Hescox, to supplement the record on appeal with the transcript of a court conference, held prior to the expiration of its appeal time, in which the School District asked the court to enter an order pursuant to Fed.R.Civ.P. 58, "extending the time in which to timely file a Notice of Appeal" until after resolution of Hescox's posttrial motion for attorneys' fees (Conference Transcript, October 20, 2000, at 4–5). The court responded, "Yeah, I'll do that." (*Id.* at 5.) The district court has authority to extend a party's time to move for attorneys' fees, *see* Fed.R.Civ.P. 54(d)(2)(B), and when a timely motion for fees has been made under that Rule, the court has the authority, before a notice of appeal has been filed and become effective, to order that the fee motion have the same effect as a timely motion under Rule 59, *see* Fed.R.Civ.P. 58; Fed.R.App.P. 4(a)(4)(A)(iii), *i.e.*, delaying the

appeal deadline. *See generally Mendes Junior International Co. v. Banco Do Brasil, S.A.,* 215 F.3d at 312–13. Although the School District requested such an order at the October 20 conference, no such order was entered. Assuming, however, that we may, in the interests of justice, treat the court's oral response as a Rule 58 order that extended the School District's time to appeal, we conclude that the appeal is timely.

■■■ With respect to the merits of the appeal, we see no basis for reversal. In ruling on a motion for judgment as a matter of law, the trial court is required to

> consider the evidence in the light most favorable to the party against whom the motion was made and to give that party the benefit of all reasonable inferences that the jury might have drawn in his favor from the evidence. The court cannot assess the weight of conflicting evidence, pass on the credibility of the witnesses, or substitute its judgment for that of the jury.

*Smith v. Lightning Bolt Productions, Inc.,* 861 F.2d 363, 367 (2d Cir.1988) (internal quotation marks omitted); *see also Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 150–51, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000); *Kim v. Hurston,* 182 F.3d 113, 117 (2d Cir.1999); *Piesco v. Koch,* 12 F.3d 332, 343 (2d Cir.1993). The district court correctly noted these principles, reviewed the evidence in the light most favorable to Hescox, and concluded that the jury's verdict was rational and did not constitute a miscarriage of justice. We agree. Although there plainly were factual issues with respect to whether the condition of Hescox's knees substantially limited his ability to walk or conduct other major life activities, whether he was denied reasonable accommodation for his disability, and whether he suffered injury as a result, we see no error in the district court's application of the above principles to the record in this case, and we affirm the denial of judgment as a matter of law substantially for the reasons stated in Judge Skretny's decision on the record. (*See* Hearing Transcript, November 16, 2000, at 7–17.)

■■ Nor are we persuaded by the School District's contention that the monetary award to Hescox should be reversed or reduced on the theory that his loss of enjoyment of life related only to the period after he became unable to work at all, and that that inability was the result of an accident not proximately caused by any violation of the ADA or state law. The latter argument depends on acceptance of the School District's contention that it did in fact provide Hescox with reasonable accommodation, contrary to Hescox's argument that the School District unreasonably refused to assign him to "light work" and that that refusal caused him injury because he was hurt while performing a task beyond the scope of light-work duties. The jury plainly rejected the School District's premise. The jury found that despite Hescox's request for a reasonable accommodation in his work assignment, the "School District intentionally discriminated against plaintiff James W. Hescox, Jr. by refusing to make a reasonable accommodation for his disabilities," that Hescox "suffered compensatory damages as a result of defendant's discriminatory conduct," and that the amount of such damages was $90,000. (Tr. 462–63.) The School District does not contend that the jury was not properly instructed, and we see no basis for overturning the jury's assessment of the evidence or its finding of causation.

■■ To the extent that the School District argues that at least some of the injury suffered by Hescox was sustained after he left the School District's employ, and

hence was not its responsibility, that contention too is contrary to the jury's verdict that Hescox was harmed in the amount of $90,000 "as a result of [the School District's] discriminatory conduct." In any event, if it believed that meaningfully different periods of time were at issue, the School District should have requested a jury interrogatory that would have required specific findings with respect to the various periods. Having failed to do so, it cannot prevail on its contention that a portion of the award related to an irrelevant period.

We have considered all of the School District's challenges to the judgment and order of the district court and have found them to be without merit.

The judgment and order of the district court are affirmed.