David ISHAY, Plaintiff,

v.

The CITY OF NEW YORK, Police Officer Michael Dorto, and Police Officer "John" Craig, Defendants.

No. 96–CV–5829–(FB).

United States District Court, E.D. New York.

Dec. 17, 2001.

David B. Karel, Wilkofsky, Friedman, Karel & Cummins, New York, NY, for Plaintiff.

Michael D. Hess, Corporation Counsel of the City of New York by Kevin Dantzler, New York, NY, for the Defendants.

### MEMORANDUM AND ORDER

BLOCK, District Judge.

Defendants move for an extension of time to file a late notice of appeal, under either Rule 60(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ.P.") or Rule 4(a)(5) of the Federal Rules of Appellate Procedure ("Fed. R.App.P."). The motion is granted pursuant to Fed. R.App. P. 4(a)(5).

### I

Plaintiff David Ishay ("Ishay") brought this action pursuant to 42 U.S.C. § 1983 and New York law alleging various constitutional and state law violations arising from his arrest and the seizure of his automobile. After a jury trial, the Court entered judgment against all defendants on April 11, 2001. Defendants, who are represented by the Corporation Counsel of the City of New York ("Corporation Counsel"), filed a timely motion for judgment as a matter of law or in the alternative for a new trial, under Fed.R.Civ.P. 50 and 59. The Court denied the motion in a Memorandum and Order dated August 13, 2001, which was entered on August 14, 2001. Defendants do not contest that they received timely notice of this order. *Cf.* Fed. R.App. P. 4(a)(6) ("The district court may reopen the time to file an appeal [if] ... the moving party ... did not receive notice [of entry of judgment] ... within 21 days after entry."). Defendants had until September 13, 2001 to file a notice of appeal, *see* Fed. R.App. P. 4(a)(1)(A), and 30 additional days to file a motion for extension of time, *see* Fed. R.App. P. 4(a)(5)(A). As of September 10, 2001, no notice of appeal had been filed, nor had any motion for an extension of time been filed prior to the present motion.

Due to the tragic events in New York City on September 11, 2001, Corporation Counsel, whose office was in close proximity to the World Trade Center disaster, lost access to its office, files and computers. Access was not regained until October 19, 2001. On October 23, 2001, defendants filed this motion.[1] Plaintiff has not opposed the motion.

### II

Rule 60(b) of the Fed.R.Civ.P. allows a court to withdraw a judgment or order for a number of reasons, including: "(1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment." The defendants assert

---

**1.** The clerk's docket sheet contains a disparity regarding the filing date of the motion. The docket sheet indicates that the Memorandum of Law in Support of Defendants' Motion for Extension of Time to File a Notice of Appeal was filed on October 23, 2001, but that the Notice of Motion was filed on October 29, 2001. Both items have an entry date of October 29, 2001. It appears that the Memorandum and the Notice of Motion came in together on October 23, 2001 but the packet was stamped only once, on the Memorandum. Thereafter the docket clerk made the entry of both documents on October 29, 2001 and stamped the Notice of Motion on that date. The Court makes the factual determination that the motion was filed on October 23, 2001.

that if the Court were to withdraw and re-file its Memorandum and Order this would reset the notice of appeal clock. They are incorrect. Rule 60(b) is not an appropriate procedural mechanism to re-file a substantively identical order for the purpose of allowing a party to circumvent the time requirements of Fed. R.App. P. 4(a). *See Cody, Inc. v. Woodbury,* 179 F.3d 52, 55 (2d Cir.1999) ("[W]hen a second judgment in a case does not differ from the first judgment in a matter affecting the substantive rights of the parties, the time to appeal runs from the first judgment.").

### III

■ Turning to Fed. R.App. P. 4(a)(5), the timeliness requirements of Rule 4(a) are jurisdictional. *See Endicott Johnson Corp. v. Liberty Mutual Ins. Co.,* 116 F.3d 53, 56 (2d Cir.1997) ("If a notice of appeal is filed beyond the period allowed in Fed. R.App. P. 4(a), the court of appeals lacks subject matter jurisdiction ... that defect is not cured by a purported agreement between or among the parties.").

■ Although under Rule Fed. R.App. P. 4(a)(5)(A) a "district court may extend the time to file a notice of appeal if ... a party so moves no later than 30 days after the time prescribed by Rule 4(a) expires", the moving party must show "excusable neglect or good cause." It is beyond dispute that the events of September 11, 2001 and the subsequent inaccessibility of the Corporation Counsel office constitute excusable neglect and good cause; however, because the motion was filed beyond the 30 day grace period—which expired on October 15, 2001—the Court cannot grant the extension merely upon this showing. *See* Fed. R.App. P. 4(a)(5)(A).

■ The Court, however, may permit the filing of a notice of appeal after the expiration of the 30 day grace period under the judicially created "unique circumstances" doctrine. *See Thompson v. INS,* 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964). In *Osterneck v. Ernst & Whitney,* the Supreme Court made clear that *"Thompson* applies only where a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that this act has been properly done." 489 U.S. 169, 179, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989). The Second Circuit has applied the "unique circumstances" doctrine only to the narrow factual scenario set forth in *Thompson* and *Osterneck. See Litchtenberg v. Besicorp Group. Inc.,* 204 F.3d 397, 402–403 (2d Cir.2000). *Thompson* and *Osterneck* do not here provide a basis for allowing a late filing since the defendants have not been misled by a judicial officer.

■ The Court is aware that neither the Supreme Court nor the Second Circuit has extended the "unique circumstances" doctrine beyond the bounds of *Thompson* and *Osterneck. See, e.g., Rezzonico v. H & R Block Inc.,* 182 F.3d 144, 151 (2d Cir.1999). However, the events of September 11, 2001 were "unique" in every sense of the word, and clearly beyond what any court could previously have anticipated. The Court is confident that the facts of this case support an extension of the "unique circumstances" doctrine to afford the defendants an appropriate opportunity to appeal. At the time of the World Trade Center disaster, defendants had three more days to file their notice of appeal; accordingly, the Court will permit defendants to file their notice of appeal by December 20, 2001.[2]

**2.** The Court has notified defendants of this order by telephone and fax today.

SO ORDERED.[3]

---

**3.** Pending before the Court is plaintiff's motion for attorneys' fees. If the defendants perfect their appeal, the Court will defer deciding that motion pending the decision of the Court of Appeals, and plaintiff's motion for attorneys' fees will be administratively marked off the calendar. Plaintiff may restore the motion by letter notice if they prevail at the Court of Appeals.