**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-2394**

NARAYANA I. SRINIVASAN,

Plaintiff - Appellant,

versus

JOHN SNOW, Secretary, United States Department
of Treasury,

Defendant - Appellee.

--------------------------------------------------

VIRGINIA TRIAL LAWYERS ASSOCIATION,

Amicus Supporting Appellant.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Peter J. Messitte, District Judge. (CA-05-
127-PJM)

Argued:  November 30, 2006        Decided:  December 28, 2006

Before MOTZ and DUNCAN, Circuit Judges, and Gerald Bruce LEE,
United States District Judge for the Eastern District of Virginia,
sitting by designation.

Dismissed in part and affirmed in part by unpublished per curiam
opinion.

**ARGUED:** Nicholas Wyckoff Woodfield, EMPLOYMENT LAW GROUP, P.C.,
Washington, D.C., for Appellant.  Ariana Wright Arnold, OFFICE OF
THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee. **ON**

**BRIEF:** R. Scott Oswald, EMPLOYMENT LAW GROUP, P.C., Washington, D.C., for Appellant. Rod J. Rosenstein, United States Attorney, Baltimore, Maryland, for Appellee. John E. Davidson, DAVIDSON & KITZMAN, Charlottesville, Virginia, for Virginia Trial Lawyers Association, Amicus Supporting Appellant.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Narayana I. Srinivasan appeals the grant of summary judgment to the Internal Revenue Service ("IRS") on his claims that the IRS discriminated against him because of national origin and religion and retaliated against him for filing an Equal Employment Opportunity Commission ("EEOC") complaint, in violation of 42 U.S.C. § 2000e et seq. Srinivasan also appeals the denial of his motion under Federal Rule of Civil Procedure 56(f) to stay consideration of the summary judgment motion in order to permit discovery, and the denial of his motion for reconsideration after summary judgment had been entered. We dismiss in part and affirm in part.

I.

Srinivasan is a 64-year old United States citizen of Indian origin who began working at the IRS in 1995 as a Senior Technical Advisor. He alleges that between 1996 and 2001, his superiors at the IRS harassed him and took adverse employment actions against him because of his national origin and religion, and that they retaliated against him for filing an EEOC complaint. As a result of the alleged harassment, Srinivasan resigned on September 10, 2001. He subsequently filed a complaint under Title VII, alleging (1) discrimination and constructive discharge, (2) a hostile work environment, and (3) retaliation.

The IRS moved to dismiss or, in the alternative, for summary judgment. Srinivasan filed an opposition to this motion as well as a request to stay consideration of the IRS's motion in order to permit discovery pursuant to Rule 56(f). The district court denied Srinivasan's motion to stay and subsequently granted summary judgment to the IRS on July 7, 2005. At the summary judgment hearing held that day the district court stated: "I will give the plaintiff [the] opportunity, to file within 30 days a motion to reconsider. I'm extending the time to file the Motion to Reconsider."

At the request of Srinivasan's attorney, the court clarified the nature of the Motion to Reconsider:

> If there is something new and different that could not have been adduced to the Court, whatever the standards for the Motion to Reconsider, I'll entertain it on that basis. But I'm not saying . . . you will have another chance to file your Motion for Summary Judgment in 30 days. If that were so, I would say I'm not going to decide the issues for another 30 days . . . Right now the Court is entering an Order of Summary Judgment in favor of the defendant.

In the order granting summary judgment to the IRS, the court similarly included the following language: "Plaintiff shall have **LEAVE** to file, within thirty (30) days from today, a Motion to Reconsider the Court's Order herein."

Srinivasan filed a "Motion for Reconsideration" on August 5, 2006. After concluding that Srinivasan failed to provide the court

-4-

with new material that warranted reopening his case, the district court denied that motion on November 28, 2005.

Srinivasan filed a notice of appeal on December 5, 2006, attempting to appeal orders: (1) denying the Rule 56(f) motion, (2) granting summary judgment to the IRS, and (3) denying the motion for reconsideration.

II.

The IRS contends that Srinivasan did not timely appeal the district court's orders denying his Rule 56(f) motion and granting summary judgment to the IRS; Srinivasan contends that these appeals were timely.

If the government is a party to the case, Federal Rule of Appellate Procedure 4(a)(1)(B) grants both parties 60 days to file an appeal. If a party does not note a timely appeal, we lack jurisdiction to hear the case. See Browder v. Dir., Dep't of Corr. of Ill., 434 U.S. 257, 264 (1978) (holding that the time limits in Rule 4(a) are "mandatory and jurisdictional"). The district court granted summary judgment to the IRS on July 7, 2005. Srinivasan had 60 days from that date to file a notice of appeal. He did not file the notice of appeal until December 5, 2006, well after the 60-day deadline. Accordingly, Srinivasan's appeal of the order granting summary judgment, and of the underlying order denying his

Rule 56(f) motion, is not timely and we lack jurisdiction to consider these orders.[*]

Srinivasan claims that his appeal is nonetheless timely because the district court's judgment was not final until it denied his motion for reconsideration on November 28, 2005. Although the district court set forth its order granting summary judgment on a separate document, as is required under Fed.R.Civ.P. 58(a), Srinivasan contends that the court did not intend for the order to be final because it included in the order the words "[p]laintiff shall have **LEAVE** to file, within thirty (30) days from today, a Motion to Reconsider the Court's Order herein."

---

[*]If Srinivasan had filed his motion for reconsideration within 10 days after the district court entered its order granting summary judgment, then the appeals period would have been tolled until the district court had denied the motion for reconsideration. See Fed.R.App.P. 4(a)(4)(A). Srinivasan filed his motion for reconsideration 30, rather than 10, days after the district court entered its order; thus, his motion for reconsideration did not toll the time for filing a notice of appeal. Srinivasan seemingly relied on the district court's order granting him leave to file a motion to reconsider within 30, rather than 10, days. However, a district court has no authority to extend the time for filing such motions, because the time limits are jurisdictional. See Alston v. MCI Commc'ns, Corp., 84 F.3d 705, 706 (4th Cir. 1996)(holding that the district court there "was without power to enlarge the time period for filing a Rule 59(e) motion" (citing Fed.R.Civ.P. 6(b) ("[The district court] may not extend the time for taking any action under Rules 59(b), (d), and (e), [and] 60(b) . . . .")). We note that in limited situations, the Supreme Court's "unique circumstances" doctrine may save the otherwise untimely appeal of a party who relied on a district court's assurances that his appeal would be timely. See Thompson v. INS, 375 U.S. 384 (1964); Panhorst v. United States, 241 F.3d 367 (4th Cir. 2001). Srinivasan waived this argument by not raising it in his briefs. Accordingly, we do not consider whether the limited reach of the unique circumstances doctrine applies to this case.

Srinivasan rests his argument on <u>Bankers Trust Co. v. Mallis</u>, 435 U.S. 381 (1978), which discusses the Rule 58(a) requirement that a separate document set forth a final judgment. In <u>Bankers Trust</u>, although the district court had failed to do this, the Supreme Court nonetheless concluded that the judgment was final because the court "clearly evidenced its intent that the opinion and order from which an appeal was taken would represent the final decision in the case," and "the petitioner did not object to the taking of the appeal in the absence of a separate judgment." <u>Id.</u> at 387-88. <u>Bankers Trust</u> thus stands for the proposition that when a district court intends a judgment to be final, and simply fails to create a separate document setting forth that judgment, a party can rely on the intent of the court to make the judgment final.

Srinivasan does not cite, however, nor have we found, cases that suggest the converse -- that even when a district court creates a separate document with a final order, we can conclude that the order was not final based on the court's indication that the parties could file a motion for reconsideration. Even if we did conclude that we could look at the district court's intent, in this case the court clearly intended its order to be final. The court stated at the summary judgment hearing:

> I'm not saying . . . you will have another chance to file your Motion for Summary judgment in 30 days. If that were so, I would say I'm not going to decide the issues for another 30 days. So that, understand that, this is a Motion to Reconsider. Right now the Court is entering

-7-

an Order of Summary Judgment in favor of the defendant.

The district court made clear to the parties that it was not delaying the entry of a final order when it gave Srinivasan leave to file a motion to reconsider within 30 days. As such, the district court's order of July 7, 2005 was final, and Srinivasan failed to file a timely notice of appeal when he did not do so within 60 days. For these reasons, we must dismiss for lack of jurisdiction Srinivasan's appeal of the orders denying his Rule 56(f) motion and granting summary judgment to the IRS.

## III.

We do have jurisdiction to hear Srinivasan's appeal of the order denying his motion for reconsideration.

Srinivasan filed this motion without specifying which Federal Rule of Civil Procedure provided authority for it. Although the district court considered the motion under Fed.R.Civ.P. 59, Srinivasan contends that the court should have viewed the motion under Fed.R.Civ.P. 56(e) as a supplemental filing. Srinivasan rests his argument on the district court's statement that "the plaintiff will have <u>leave</u> to file a Motion to Reconsider . . . ."

Under Rule 56(e), a court "<u>may</u> permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits." (emphasis added). Thus, a court must give parties permission to file a Rule 56(e) motion, whereas a party

-8-

does not need permission to file a Rule 59 motion.  According to Srinivasan, the fact that the court granted him "leave" to file the motion means that the motion must have been a Rule 56(e), rather than a Rule 59, motion. The district court's explanation at the summary judgment hearing, however, does not permit that argument. There the court explained that it was "<u>not</u> saying . . you will have another chance to file your Motion for Summary Judgment . . . . " Rather, the district court told Srinivasan it would only consider something "new and different" under "the standards for the Motion to Reconsider."

The district court did not err in refusing to view Srinivasan's motion as a Rule 56(e) motion to supplement the summary judgment record.  See <u>Cray Commc'ns, Inc. v. Novatel Computer Systems, Inc.</u>, 33 F.3d 390 (4th Cir. 1994) (holding that district court did not abuse its discretion in failing to consider affidavits and exhibits offered to supplement the record after summary judgment was entered); <u>RGI, Inc. v. Unified Industries, Inc.</u>, 963 F.2d 658, 662 (4th Cir. 1992) (holding that a party could not supplement its pleadings under Rule 56 after summary judgment had been entered, but that a party could submit a Rule 59 motion to the court after summary judgment had been entered if the movant had material unavailable to it previously).

However, we believe that the district court did err in considering the motion under Rule 59.  In order to be timely, a

Rule 59 motion <u>must</u> be filed no later than 10 days after entry of judgment. <u>See</u> Fed.R.Civ.P. 59(e). Because Srinivasan filed his motion 30 days after entry of judgment, he did not file a timely Rule 59 motion. Rather than concluding that the motion was jurisdictionally time-barred, however, it seems more appropriate given the facts of this case to consider the motion as a Fed.R.Civ.P. 60(b) motion. <u>See</u> <u>In re Burnley</u>, 988 F.2d 1, 2 (4th Cir. 1993)(explaining that "where a party submits a [subsequent] motion . . . which is unnamed and does not refer to a specific Federal Rule of Civil Procedure, the courts have considered that motion either a Rule 59(e) motion to alter or amend a judgment, or a Rule 60(b) motion for relief from a judgment or order").

Indeed, Rule 60(b) explicitly allows the filing of a motion under the precise circumstances envisioned by the district court, i.e. when a party has "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59 (b)." Fed.R.Civ.P. 60(b)(2). Because Rule 60 allows a party up to one year to file a motion, Srinivasan's "Motion for Reconsideration" can be properly considered under Rule 60(b). This allows us to review the merits of Srinivasan's appeal of the denial of his "Motion for Reconsideration." But of course it has no substantive effect on our deliberations, because on appeal we apply the same standard of review to Rule 59 and Rule 60 motions. <u>See</u> <u>Boryan v. United States</u>, 884 F.2d 767, 771 (4th Cir.

1989) (<u>citing</u> <u>United States Fidelity & Guaranty Co. v. Lawrenson</u>, 334 F.2d 464, 475 n.2 (4th Cir.), <u>cert. denied</u>, 379 U.S. 869 (1964)) (holding that the standard governing relief on the basis of newly discovered evidence under Rule 59 or Rule 60 is the same).

That standard is abuse of discretion. <u>In re Burnley</u>, 988 F.2d at 3. "[I]n order to support a motion for reconsideration, the movant is <u>obliged</u> to show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence at the hearing." <u>Boryan</u>, 884 F.2d at 771 (citations and quotation marks omitted). The district court concluded that Srinivasan had not met this burden.

In support of his motion, Srinivasan submitted three affidavits of co-workers, each of which had been prepared prior to the summary judgment hearing. The only new material Srinivasan submitted was an affidavit prepared by Srinivasan himself and a portion of Srinivasan's deposition testimony. As the district court correctly noted, that information was surely available to Srinivasan at the time of the summary judgment hearing, since it came from his own mouth. Under these circumstances, we must hold that the court did not abuse its discretion in concluding that Srinivasan had failed to provide "newly discovered" evidence in support of his motion for reconsideration. Accordingly, we affirm

the district court's denial of Srinivasan's motion for reconsideration.

## IV.

For the foregoing reasons, we dismiss as untimely Srinivasan's appeal from the district court orders denying his Rule 56(f) motion and granting summary judgment to the IRS, and affirm the district court's order denying Srinivasan's motion for reconsideration.

DISMISSED IN PART AND AFFIRMED IN PART