[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

No. 99-1331

HAROLD SCHOFIELD; ATLANTEK, INC.,

Plaintiffs, Appellees,

PAUL CARON; CHRISTOPHER ROTHWELL; EDWARD NARDONE;

Plaintiffs,

v.

JOHN FRENCH, a/k/a Bar Code Systems, Inc.,

Defendant, Appellant,

DATACARD CORPORATION; THOMAS CASEY; TRUSTEE,

Defendants, Appellees,

BAR CODE SYSTEMS, INC.,

Defendant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Ronald R. Lagueux, U.S. District Judge]

Before

Lynch, Circuit Judge,

Bownes, Senior Circuit Judge,

and Lipez, Circuit Judge.

------------------

John French on brief pro se.

Dennis R. Gannon on brief for appellees Harold Schofield and Atlantek, Inc.

Richard W. MacAdams, Denean M. Russo and MacAdams & Wieck Incorporated on brief for appellee Datacard Corporation.

------------------

May 25, 2000

------------------

**Per Curiam**.  After a thorough review of the record and of the parties' submissions, we affirm.

It appears that appellant, John French ("French"), has disavowed the main argument he made below: that the terms in the referenced consulting contracts were unenforceable against him because they were not attached to the written contract he signed.  To the extent French has disavowed that argument, he has waived any further opportunity to challenge the district court's ruling on this point.  See Martinez v. Colon, 54 F.3d 980, 990 (1st Cir. 1995).  Even if his argument is not waived, it is meritless, for the reasons stated in the district court's opinion dated February 9, 1999.  French's fraud claim also is meritless, for the reasons stated in the district court's opinion. French's remaining arguments are forfeited, as they are raised for the first time on appeal.  Id.  Appellant may not excuse his omissions by blaming them on his former attorney; parties are bound by the actions of their attorneys, and "[a]ny other notion would be wholly inconsistent with our system of representative litigation." See Scola v. Beaulieu Wielsbeke, 131 F.3d 1073, 1075 (1st Cir. 1997).

Affirmed.  1st Cir. Loc. R. 27(c).