Elizabeth A. MCLAUGHLIN, Plaintiff,

v.

UNUM LIFE INSURANCE COMPANY OF AMERICA, and Athena Neurosciences Inc. Long Term Disability Plan, Defendants.

No. 02–CV–67.

United States District Court,
D. Maine.

Dec. 30, 2002.

Charles W. March, Esq., Reben, Benjamin, & March, Portland, ME, Daniel Feinberg, Esq., Teresa S. Renaker, Esq., Lewis & Feinberg, PC, Oakland, CA, for Elizabeth A. McLaughlin.

Mark A. Casciari, Esq., Seyfarth, Shaw, Fairweather & Geraldson, Chicago, IL, Melinda J. Caterine, Esq., Moon, Moss, McGill, Hayes & Shapiro, P.A., Portland, ME, Daniel B. Klein, Esq., Seyfarth Shaw, Boston, MA, for Athena Neurosciences Inc. Long Term Disability Plan.

**ORDER**

SINGAL, District Judge.

Before the Court is Plaintiff's motion to alter or amend the Court's Order dated October 8, 2002, pursuant to Federal Rule of Civil Procedure 59(e) (Docket # 13). For the reasons discussed below, the Court DENIES Plaintiff's motion.

### I. STANDARD OF REVIEW

A motion for reconsideration provides the court with an opportunity to correct "manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985). A court has discretion whether to grant or deny a motion for reconsideration. *Hancock v. City of Oklahoma City,* 857 F.2d 1394, 1395 (10th Cir.1988). There are three circumstances in which a court may appropriately grant a motion for reconsideration: 1) where the court made a manifest error of fact or law; 2) where there is newly discovered evidence; and 3) where there has been a change in the law. *Renfro v. City of Emporia,* 732 F.Supp. 1116, 1117 (D.Kan.1990). A motion for reconsideration is not to be used as a vehicle for the losing party to rehash arguments previously considered and rejected. *National Metal Finishing Co. v. Barclays-American/Commercial, Inc.,* 899 F.2d 119, 123 (1st Cir.1990).

### II. BACKGROUND

On July 15, 2002, Defendant Unum Life Insurance Company of America ("Unum") moved to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) arguing, *inter alia,* that the unadorned governing jurisdiction provision contained in the insurance policy ("Policy") at issue was not a choice of law clause for purposes of litigation. The Court granted Unum's motion in an order dated October 8, 2002.

McLaughlin states that after entry of the Court's order, her counsel became aware of an earlier case, *Wright v. UNUM Life Ins. Co.,* No. 02–0171 (D.Ariz.2002), in which Unum successfully argued a position contrary to the one advanced in the present case, namely that an identical governing jurisdiction provision *was* an effective choice of law provision. As the decision in *Wright* is unpublished, McLaughlin states that her counsel did not discover the existence of the

case until counsel for the plaintiff in *Wright* recently contacted McLaughlin's counsel and informed him of the discrepancy. Accordingly, McLaughlin argues that the Court's consideration of this newly discovered evidence "would produce a different result [in the present case] on the issue of the insurance policy's contractual limitation period." (*See* Plaintiff's Motion to Alter or Amend Judgment w/ Incorporated Memorandum of Law at 2). At the outset, the Court determines whether Plaintiff's motion is timely filed. In addition, the Court addresses whether the newly discovered evidence disturbs this Court's prior holding in any way.

## III. DISCUSSION

### A. Timeliness

■ Pursuant to Rule 59(e), a party may move to alter or amend a judgment in order to present newly discovered evidence as long as the motion is filed "no later than 10 days after entry of the judgment." Fed.R.Civ.P. 59(e); *Acevedo–Villalobos v. Hernandez*, 22 F.3d 384, 387 (1st Cir.1994); *Jorge Rivera Surillo & Co. v. Falconer Glass Indus.*, 37 F.3d 25, 29 (1st Cir.1994). Defendant argues that the Court's October 8 order constituted a "judgment," thereby triggering the running of the ten-day period under Rule 59(e). Given that Plaintiff failed to file her motion to alter or amend the judgment within ten days after the Court entered its order, Defendant argues that Plaintiff's motion is untimely and accordingly, must be denied.[1]

Federal Rule of Civil Procedure 54(b) states that:

> When multiple parties are involved, the court may direct entry of a final judgment as to ... fewer than all of the claims or parties only upon express determination that there is no just reason for delay and upon an express direction for entry of judgment. In the absence of such determination and direction, any order ...,

which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties.

Fed. R. Civ. Proc. 54(b). Here, the Court never expressly determined that there was "no just reason for delay." *Id.* Absent such certification, the October 8 does not constitute a valid final judgment but rather operates as an interlocutory order. *See Mangual v. General Battery Corp.*, 710 F.2d 15, 17 n. 2 (1st Cir.1983) (internal citations omitted). Therefore, Plaintiff's motion is timely filed, and the Court proceeds to examine Plaintiff's judicial estoppel argument.

### B. Judicial Estoppel

■ Under the doctrine of judicial estoppel, a party in civil litigation is precluded from "asserting legal or factual positions inconsistent with the positions that they took in prior proceedings" when the party invoking the doctrine can show that "the party to be estopped had succeeded previously with a position directly inconsistent with the one he currently espouses." *Faigin v. Kelly*, 184 F.3d 67, 82 (1st Cir.1999) (internal quotations and citations omitted). Plaintiff argues that Unum's success in *Wright* precludes it from denying that the Policy's governing jurisdiction provision is an effective choice of law provision. However, given that Unum withdraws its position in the present case to the extent that it conflicts with its position in *Wright*, the Court will not address whether judicial estoppel has any issue preclusion effect.

■ Even assuming that judicial estoppel precludes Unum from asserting that the Policy's governing jurisdiction provision is not a choice of law clause, such a presumption does not affect this Court's holding that choice of law provisions do not incorporate statutes of limitations such as California Insurance Code Section 10350.11.[2] Given that the validity of

---

1. In addition, Defendant argues that in light of Plaintiff's failure to properly file her motion pursuant to Rule 59(e), the time for filing a notice of appeal was not tolled and has now expired. *See Scola v. Beaulieu Wielsbeke, N.V.*, 131 F.3d 1073, 1075 (1st Cir.1997).

2. Plaintiff continues to maintain that Section 10350.11 is not a statute of limitations pursuant to the Ninth Circuit's recent decision in *Wetzel*. This Court, however, is not bound by the holding of another circuit on a question of federal law. *See Clifford v. M/V Islander*, 882 F.2d 12, 14 (1st Cir.1989). Although this Court must look to

this holding is not compromised by a determination as to whether the governing jurisdiction provision constitutes a choice of law provision, the Court finds no reason to alter or amend its October 8 order on the basis of the newly discovered *Wright* decision.

## IV. CONCLUSION

For the above stated reasons, the Court hereby DENIES Plaintiff's Motion to Alter or Amend Judgment (Docket # 13).

SO ORDERED.

state law to determine what the applicable statute of limitations is for an ERISA action, the issue of whether a state statute, in this case Section 10350.11, qualifies as a statute of limitations in the first place is a matter of federal law. *See Harrison v. Digital Health Plan*, 183 F.3d 1235, 1238–39 (11th Cir.1999) (stating that when a federal court borrows a limitations period from state law it is nonetheless applying federal law because it is "closing the gap" left by Congress in order to fashion a body of federal common law to supplement the federal statutory cause of action).