**Dilip K. LAKSHMAN, Plaintiff,**

v.

**UNIVERSITY OF MAINE SYSTEM, Defendant.**

**No. CV–03–52–B–W.**

United States District Court,
D. Maine.

Oct. 6, 2004.

---

Judith W. Thornton, Ebitz & Thornton, P.A., Brewer, ME, for Dilip K Lakshman, Plaintiff.

Anne–Marie L. Storey, Rudman & Winchell, Paul W. Chaiken, Rudman & Winchell, Bangor, ME, for University of Maine System, Defendant.

## ORDER ON PLAINTIFF'S MOTION TO ALTER OR AMEND SUMMARY JUDGMENT ORDER

WOODCOCK, District Judge.

On August 5, 2004, this Court issued an Order granting Defendant University of Maine System's Motion for Summary Judgment.[1] On August 15, 2004, Plaintiff Dilip K. Lakshman filed a Motion to Alter or Amend Summary Judgment Order Pursuant to Rule 59(e). Because the Court already considered and ruled against the Plaintiff on the issues the Plaintiff presents, this Court denies his motion.

The Plaintiff lists three bases:[2]

---

1. The Order was amended on August 6, 2004 to correct footnotes 7 and 13. Judgment was entered in favor of the University of Maine System on August 6, 2004.

2. In his first paragraph, Dr. Lakshman lists four bases; however, his memorandum is organized under three headings. This Court

(1) the "mixed motive" *Desert Palace* analysis and the "pretext" *McDonnell Douglas* analysis should be applied to this case at summary judgment stage;

(2) the conduct of Dr. Lakshman's supervisor, Dr. Stellos Tavantzis, was itself discriminatory due to the Plaintiff's race, national origin, and gender and is attributable to the University; and,

(3) the Plaintiff has produced a substantial amount of unrebutted evidence of retaliation and has pointed to facts from which a jury could find the Defendant's rebuttal evidence pretextual.

## I. RULE 59(e) STANDARD

■ A Rule 59(e) motion to alter or amend judgment covers a broad range of motions; the only real limitation is that it must request "a substantive alteration of the judgment, not merely the correction of a clerical error, or relief of a type wholly collateral to the judgment." Fed.R.Civ.P. 59(e); 11 C.A. Wright, A.R. Miller & M.K. Kane, Federal Practice and Procedure § 2810.1 at 121 (2d ed.1995). Rule 59(e) is an appropriate vehicle for reconsideration of a judgment. *Ass'n of Retarded Citizens of Connecticut v. Thorne,* 68 F.3d 547, 553 (2d Cir.1995). A motion for reconsideration provides the court with an opportunity to correct "manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3rd Cir.1985), *cert. denied* 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986). A court has discretion whether to grant or deny a motion for reconsideration. *Hancock v. City of Oklahoma City,* 857 F.2d 1394, 1395 (10th Cir.1988);

*McLaughlin v. Unum Life Ins. Co. of Am.,* 212 F.R.D. 40, 41 (D.Me.2002).

■ There are three circumstances in which a court may appropriately grant a motion for reconsideration: 1) where the court made manifest error of fact or law; 2) where there is newly discovered evidence; and, 3) where there has been a change in the law. *McLaughlin,* 212 F.R.D. at 41; *Renfro v. City of Emporia,* 732 F.Supp. 1116, 1117 (D.Kan.1990). A motion for reconsideration is not a means for the losing party to rehash arguments previously considered and rejected. *National Metal Finishing Co. v. Barclays-American/Commercial, Inc.,* 899 F.2d 119, 123 (1st Cir.1990).

## II. DISCUSSION

### A. The "Mixed Motive" *Desert Palace* and "Pretext" *McDonnell–Douglas* Analysis.

Plaintiff devotes significant attention to the 2003 United States Supreme Court decision in *Desert Palace* and its progeny. *Desert Palace v. Costa,* 539 U.S. 90, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003). Plaintiff stresses he has not "waived" a *Desert Palace* argument for purposes of his Title VII claim and urges this Court to apply both *Desert Palace* and *McDonnell Douglas* to his case. *See McDonnell Douglas v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

Contrary to the implication of Plaintiff's argument, this Court did not conclude that Dr. Lakshman had waived the *Desert Palace* argument.[3] The Order applied the holding of *Desert Palace* to the facts presented in the motion. The question raised

---

concludes the four issues are subsumed under three headings.

**3.** This Court did so, even though noting that Plaintiff's *Desert Palace* argument was "ob-

lique and cursory." *Lakshman v. University of Maine System,* 328 F.Supp.2d 92, 108 n. 22 (D.Me.2004).

by this portion of the Rule 59(e) motion is whether this Court erred in its application of *Desert Palace*, when the facts are viewed in a light most favorable to the Plaintiff. This Court concludes it did not err.

**B. The Discriminatory Comments by Dr. Tavantzis and Other Members of the Faculty Create a Genuine Issue of Material Fact as to Whether Dr. Lakshman's Wage Disparity was Motivated by His Race and Gender.**

 Noting Dr. Stellos Tavantzis was Dr. Lakshman's supervisor and, as such, his statements are attributed to the University, Plaintiff argues Dr. Tavantzis's discriminatory statements are sufficient to generate genuine issues of material fact, mandating the denial of the University's motion for summary judgment. In support of his argument, Plaintiff cites *Webber v. International Paper Co.*, 326 F.Supp.2d 160, 167 (D.Me.2004) for the proposition that evidence of discriminatory remarks by the key decisionmaker or one in a position to influence the decisionmaker is one way to create a question of fact.

This Court has no quarrel with this legal proposition. It was because statements by supervisory faculty can be attributed to the University that the Order recited in excruciating detail statements by Dr. Tavantzis and other members of the faculty. This Court, therefore, considered Plaintiff's arguments and rejected them. *National Metal Finishing*, 899 F.2d at 123. It does again.

**C. The Plaintiff's Evidence of Retaliation and Pretext.**

In this argument, Plaintiff revisits matters previously discussed in detail in this Court's prior Order; they do not merit further discussion.

**III. CONCLUSION**

This Court concludes under Federal Rule of Civil Procedure 59(e) that the Summary Judgment Order issued August 6, 2004 did not contain a manifest error of fact or law; there is no newly discovered evidence; and, there has not been a change in the law. Therefore, the Plaintiff's Motion to Alter or Amend Summary Judgment Order Pursuant to Rule 59(e) is DENIED.

**SO ORDERED.**